Richard HEDGE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 84–143.

Supreme Court of Wyoming.

Feb. 27, 1985.

Leonard D. Munker, Public Defender, and Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., John W. Renneisen, Sr. Asst. Atty. Gen., and Kevin G. Martin and Robert Nicholas, Legal Interns, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant pled guilty on January 5, 1983, to a charge of fraud by check, in violation of § 6–3–124(b)(ii), W.S.1977, Cum.Supp. 1982,[1] after being arrested for writing a

\* \* \* \* \* \*

1. Section 6–3–124(b)(ii) provides:
"(b) Fraud by check is:

series of checks during a two-month period. Appellant admitted that he knew there were insufficient funds in his account to cover the checks.

The single issue on appeal is worded by appellant as follows:

"Whether the district court erred in failing to offset Appellant's pre-sentence detention against both his minimum and maximum sentence."

Appellant was originally sentenced, on March 15, 1983, to the Wyoming State Penitentiary for a term of imprisonment of not less than 2 years, 9 months nor more than 3 years. Originally, credit was not given for the 119 days that appellant spent in presentence confinement, but after a series of motions and orders, the court corrected the sentence to not less than 2 years, 8 months and not more than 3 years minus 119 days, thus giving appellant credit for the presentence jail time against the maximum sentence. This appeal is taken from the order dated May 24, 1984, so correcting the sentence.

We affirm.

■ Wyoming has no statute governing the granting or denial of credit for time served in presentence detention. The rule in Wyoming is that the trial judge has discretion to grant or deny credit for time served in presentence custody where such custody is not due to the defendant's indigency and the sum of such time spent plus the sentence does not exceed the maximum allowable sentence. *Jones v. State*, Wyo., 602 P.2d 378, 381 (1979). Jones was written in reliance on two United States Supreme Court cases, *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) and *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

*Williams v. Illinois*, supra, involved an Illinois statute which provided that a person who was unable to pay a fine judicially imposed in addition to a term of imprisonment could "work it off" at the rate of $5.00 per day by remaining in jail after the expiration of the term of imprisonment. The Supreme Court held that this statute worked an invidious discrimination based solely on ability to pay a fine, and thus violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. Therefore, the Court held that a convicted indigent defendant could not be held in confinement beyond the statutory maximum term of imprisonment authorized.

*Tate v. Short*, supra, then extended *Williams v. Illinois*, supra, to a "fines only" penalty scheme which required incarceration for a sufficient time to satisfy the fine at a per diem rate, in the event the defendant was unable to pay the fine outright. The Court there said that under the equal protection clause a statute cannot limit punishment to payment of a fine if one is able to pay it, yet convert the fine into a prison term for an indigent defendant unable to pay his fine. *Tate v. Short*, supra, 401 U.S. at 399, 91 S.Ct. at 671.

These holdings were recently reaffirmed by the United States Supreme Court in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). There the question was whether the Fourteenth Amendment prohibits a state from revoking an indigent defendant's probation for failure to pay a fine and restitution absent a showing that defendant was somehow responsible for the failure or that adequate alternative forms of punishment did not exist. 103 S.Ct. at 2069. The Supreme Court held that this did violate the Fourteenth Amendment, and reiterated that said in *Williams v. Illinois*, supra, and *Tate v. Short*, supra. The Court there also said at 103 S.Ct. at 2071:

"(ii) A felony if the fraudulent check was for the sum of two hundred dollars ($200.00) or more, or if the offender is convicted of fraud by check involving two (2) or more checks within any sixty (60) day period in the state of Wyoming totaling two hundred dollars ($200.00) or more in the aggregate. If con-

victed under this paragraph, the defendant shall be fined not more than one thousand five hundred dollars ($1,500.00) or imprisoned in the state penitentiary for a maximum of three (3) years, or both."
This statute has now been superseded by § 6–3–702(b), W.S.1977, (June 1983 Replacement).

"The State, of course, has a fundamental interest in appropriately punishing persons—rich and poor—who violate its criminal laws. A defendant's poverty in no way immunizes him from punishment. Thus, when determining initially whether the State's penological interests require imposition of a term of imprisonment, the sentencing court can consider the entire background of the defendant, including his employment history and financial resources. See *Williams v. New York,* 337 U.S. [241] 247, 250, and n. 15 [69 S.Ct. 1079, 1083, 1084, and n. 15, 93 L.Ed. 1337] (1949)."

Appellant does not dispute any of the foregoing, but states that a growing number of states are requiring that credit for jail time always be given. He states in his brief, "[a]ppellant would ask this Court to reconsider its rejection of this broader rule. Credit should always be given for any presentence detention."

■ After studying the cases cited by appellant in support of his contention, we decline to accept his proposition, and reaffirm our holding in *Jones v. State,* supra. As we said there:

"* * * [A] trial judge has discretion to deny or grant credit for time served in pre-sentence custody where: (1) the pre-sentence custody is not due to the defendant's indigency, and (2) the sum of the time spent in pre-sentence custody plus the sentence does not exceed the maximum allowable sentence." 602 P.2d at 381.

Beyond that we are not prepared to go. There is no fundamental right to credit for presentence custody beyond that which will result in more jail time than that authorized by law. There is no indication in the record that the denial of credit had anything to do with appellant's indigency, and the sentence as it now stands, plus the presentence detention does not exceed the statutory maximum.

■ In this case the district judge originally imposed an unlawful sentence, as the maximum imprisonment imposed plus the time spent in presentence detention exceeded the three-year maximum sentence allowed by statute. Section 6–3–124(b)(ii), supra. However, the sentence has been corrected. As the sentence is now within the statutory limits, we will review the sentence only for a clear abuse in discretion. *Wright v. State,* Wyo., 670 P.2d 1090 (1983); *Eaton v. State,* Wyo., 660 P.2d 803 (1983); *Taylor v. State,* Wyo., 658 P.2d 1297 (1983); *Daniel v. State,* Wyo., 644 P.2d 172 (1982); *Scheikofsky v. State,* Wyo., 636 P.2d 1107 (1981).

■ In his brief, appellant said:

"* * * [T]he district judge's conduct now can only be read as an attempt to punish the defendant for his indigency, which caused him to be unable to post bond, and for his attempts to get his sentence corrected. * * *"

It is abundantly clear from the record what the district judge's motives were. At the sentencing hearing, the district judge had the benefit of a presentence investigation.

"THE COURT: According to the pre sentence investigation report this is your seventh felony; is that correct Mr. Hedge?

"RICHARD HEDGE: Yes, Your Honor. All related to bad checks."

In originally denying credit for time served, the court noted:

"* * * [the] extensive, exhaustive and lengthy record Mr. Hedge has produced in the past.

"The Court does not feel it would be of any benefit to give him any credit for jail time served. You seem to have arrived at the point where you prefer to be institutionalized rather than to be out in society. That's the only conclusion the Court can come to in view of your record, which I have reviewed."

We cannot say that the sentence imposed in this case, as it now stands, is an abuse of discretion, or a denial of appellant's constitutional rights.

Affirmed.