2001 WY 126

**Michael Wayne SWEETS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 01–91.

Supreme Court of Wyoming.

Dec. 13, 2001.

Michael Wayne Sweets, pro se, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Deputy Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Michael Wayne Sweets filed a pro se motion for presentence incarceration credit of one year and three months. At the time of his second conviction, Sweets was incarcerated for a conviction of indecent liberties with a minor, and for a period of time his second sentence ran concurrently with the first. As the district court determined, the period of confinement for his first

conviction is not presentence incarceration as defined by this Court, entitling Sweets to presentence credit against his second sentence. Accordingly, the district court did not err in denying the motion.

## ISSUES

[¶ 2] The parties present the following issue for review:

Did the trial court properly deny Appellant's motion for credit for presentence incarceration?

## FACTS

[¶ 3] On January 6, 1998, Sweets sold marijuana to a confidential informant working for the Southwest Wyoming Drug Enforcement Team. In August of 1998, Sweets was convicted for indecent liberties with a minor and began serving a sentence at the Wyoming State Penitentiary. On May 26, 2000, an Information was filed charging Sweets with one count of delivery of a controlled substance, marijuana, in violation of Wyo. Stat. Ann. § 35–7–1031(a)(ii). Sweets was transported from the Wyoming State Penitentiary to the Sweetwater County jail and incarcerated there while he awaited trial on the drug delivery charge. On July 6, 2000, Sweets pled guilty to the drug delivery charge and was sentenced to a stipulated two to five years to be served concurrently with the sentence for the indecent liberties conviction. At the sentencing hearing, Sweets claimed that part of the plea agreement was a credit of thirty-one days, and the trial court awarded that amount against the second sentence. The record does not tell us what the thirty-one days relates to, but presumably it is the period of time that Sweets spent in jail before receiving his second sentence. The trial court also explained to Sweets that, although his sentences ran concurrently, the second conviction might extend his incarceration after he has served out his sentence on the first conviction.

[¶ 4] On March 19, 2001, Sweets filed a motion for credit for presentence incarceration in the district court stating that he had been confined for a period of one year and three months, and *Renfro v. State,* 785 P.2d

491 (Wyo.1990), stated that "credit will be automatically granted for presentence incarceration time on all sentences." From these unclear statements, the trial court determined Sweets was requesting presentence credit for the period served on "an unrelated charge," and denied the motion. This timely appeal followed.

## DISCUSSION

[¶ 5] We begin by presuming that the district court decided that Sweets' motion must be considered as requesting presentence credit for the time period that he served for his indecent liberties conviction. Presentence confinement is defined as

incarceration for inability and failure to post bond on the offense for which the sentence is entered and does not include revoked probation or other confinement that would continue to exist without regard for bond posting capabilities....

*Renfro,* 785 P.2d at 498 n. 8.

[¶ 6] Under this definition, Sweets' incarceration for the time period that he served on the earlier unrelated conviction for indecent liberties with a minor is not presentence confinement. Sweets was confined because of the earlier sentence and is not entitled to presentence confinement credit when his confinement was not because of inability to post bond on the drug delivery charge, but because he was incarcerated to continue serving his sentence on his prior conviction. That confinement would have continued regardless of his ability to post bond and, therefore, Sweets is not entitled to any presentence credit. *Smith v. State,* 932 P.2d 1281, 1282 (Wyo.1997).

[¶ 7] Sweets' receipt of thirty-one days presentence credit at the time of his sentence for the second conviction is not contrary to the law. It is within the trial court's discretion to grant or deny credit for time served in presentence detention if (1) the detention is not due to the defendant's indigency, and (2) the sum of the time spent in presentence detention plus the sentence given upon conviction does not exceed the maximum allowable sentence. *Hedge v. State,* 696 P.2d 51, 52 (Wyo.1985). In this

case, it appears that at the time of sentencing the district court determined that Sweets believed that this credit was part of his plea agreement, and it was within the sentencing court's discretion to award it. Having granted some credit not required by law, however, does not entitle Sweets to any other credit.

[¶ 8] We also consider whether Sweets is entitled to any relief under applicable rules. If Sweets' motion is considered a motion to correct an illegal sentence or reduce a sentence, W.R.Cr.P. 35 is invoked:

> Rule 35. Correction or reduction of sentence.
>
> (a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.
>
> (b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

[¶ 9] We recently discussed the applicable standard of review in *Mead v. State,* 2 P.3d 564, 566 (Wyo.2000):

> A motion to correct an illegal sentence under W.R.Cr.P. 35(a) is addressed to the sound discretion of the sentencing court. *Cardenas [v. State],* 925 P.2d [239] at 240 [Wyo. 1996]; *Brown v. State,* 894 P.2d 597, 598 (Wyo.1995). Similarly, a motion for reduction of sentence is subject to the sound discretion of the sentencing court. *Barela v. State,* 936 P.2d 66, 69 (Wyo. 1997); *Carrillo v. State,* 895 P.2d 463, 464

(Wyo.1995); *McFarlane v. State,* 781 P.2d 931, 932 (Wyo.1989); *Peper v. State,* 776 P.2d 761, 761 (Wyo.1989).

> \* \* \* \*

> "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985)."

*Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998).

> The exercise of discretion implies that the court has the power to choose between alternatives. In this instance, the alternatives would be illegality and legality of the sentence.

We interpret the last sentence of *Mead* to be consistent with our rule that whether a specific rule applies to a given set of facts is a question of law, requiring a *de novo* review. *Lee v. State,* 2 P.3d 517, 525 (Wyo.2000). If the decision of the trial court is in accordance with the correct rule, we affirm. If it is not in accordance with the law, we correct it. *Id.*

[¶ 10] Under our specific rule, the analysis remains the same as just discussed, meaning that Sweets is not entitled to presentence confinement credit and, therefore, his sentence is not illegal entitling him to a correction under W.R.Cr.P. 35(a). Considering his motion under W.R.Cr.P. 35(b), Sweets did bring this motion within one year after his sentence is imposed; however, the trial court was within its discretion to decide not to grant Sweets' request for presentence credit. This Court affirms the order denying the motion.