# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 162

OCTOBER TERM, A.D. 2013

December 27, 2013

KYLE B. ASKIN,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-13-0147, S-13-0148

*Appeal from the District Court of Laramie County*
*The Honorable Peter G. Arnold, Judge*

*Representing Appellant:*
    Kyle B. Askin, *pro se*.

*Representing Appellee:*
    Peter K. Michael, Interim Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General; Jennifer E. Zissou, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]   The appellant pled guilty to two counts of failure to register as a sex offender and received concurrent sentences of two to four and four to six years. The district court suspended the sentences, however, and imposed eight years probation. The appellant did not adhere to the terms of his probation, resulting in the State charging him with escape and seeking to revoke his probation. The district court revoked the appellant's probation and reimposed the suspended sentence for failure to register. The appellant then pled guilty to the crime of escape and was sentenced to three to seven years, which was suspended in favor of four years probation to be served consecutively to the separate reimposed sentence. The appellant filed a motion to correct an illegal sentence, which was denied by the district court.

[¶2]   The appellant filed two separate appeals. However, both arise from the same set of facts, proceedings, district court, and are premised upon an identical issue. Accordingly, the appeals were consolidated. We affirm.

## ISSUE

[¶3]   Did the district court abuse its discretion by denying the appellant's motion to correct an illegal sentence?

## FACTS

[¶4]   In 2007, the appellant pled guilty to failing to register as a sex offender in violation of Wyo. Stat. Ann. § 7-19-307 (LexisNexis 2007). However, he failed to appear for his sentencing hearing. Consequently, the State filed an additional charge of failure to register as a sex offender for the ensuing period and a warrant was issued for his arrest. After the appellant was arrested, the district court sentenced him to concurrent terms of two to four years and four to six years, respectively. The district court opted to suspend those sentences and placed the appellant on supervised probation for eight years. As part of his probation, the appellant was required to complete an Adult Community Corrections Program at the Cheyenne Transitional Center.

[¶5]   Before completing his probation, the appellant left the Cheyenne Transitional Center, prompting the State to charge him with escape in violation of Wyo. Stat. Ann. § 7-18-112 (LexisNexis 2009). Because of this new violation, the State also sought to revoke his probation. The district court revoked probation and reimposed the suspended prison sentence of four to six years relating to the failure to register charge. On the new charge of escape, the appellant pled guilty and was sentenced to three to seven years imprisonment. The district court suspended his new sentence in favor of four years supervised probation, which he would serve consecutive to the reimposed sentence for failure to register as a sex offender.

1

[¶6] The appellant filed a motion to correct an illegal sentence. He challenged the district court's authority to impose the underlying prison sentence on his offender registration charge followed by a consecutive term of probation for the subsequent escape offense. The district court denied the motion, ruling the sentence imposed was legal. This appeal is based upon the denial of that motion.

## STANDARD OF REVIEW

[¶7] A district court's denial of a motion to correct an illegal sentence is reviewed for an abuse of discretion. *McDaniel v. State*, 2007 WY 125, ¶ 6, 163 P.3d 836, 838 (Wyo. 2007). However, this discretion is limited to a determination by the district court concerning the sentence's legality. *Id.* A sentence is illegal when it exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law. *Ferguson v. State,* 2013 WY 117, ¶ 8, 309 P.3d 831, 833 (Wyo. 2013).

## DISCUSSION

[¶8] The appellant contends his sentence is illegal because the district court is without authority to "mix a [s]entence of imprisonment and probation." He argues the district court cannot impose the underlying prison sentence for his sex offender registration charge and then sentence him to a consecutive term of probation for the subsequent escape offense. In support of his argument, the appellant relies on *Yates v. State*, 792 P.2d 187 (1990).

[¶9] In *Yates*, the defendant was convicted of three counts of delivering a controlled substance to a minor and one count of possession with intent to deliver. 792 P.2d at 188. He was sentenced to concurrent terms of two to four years for Counts I, II, and IV. *Id.* Regarding Count III, the district court suspended the sentence for a period of ten years, and placed the defendant on probation during that period of time. *Id.* It ordered the probation to be served consecutively to the sentence of incarceration imposed on the other three counts. *Id.* After serving his time for the first three counts, the defendant violated the terms of his probation. *Id.* at 189. Consequently, the district court revoked probation and imposed a sentence of two to eight years for the previously suspended sentence. *Id.* On appeal, we concluded a delay in sentencing in excess of a calendar year from the date guilt is established is presumptively unreasonable. *Id.* at 191. The fundamental problem with the defendant's sentence was the imposition of consecutive sentences, then suspending the latter sentence in favor of a term of probation without imposing a specified time of incarceration for a violation of the probation. Thus, because the defendant's sentence for Count III was not imposed until after the revocation of his probation—approximately four years after his conviction—we determined the district

court failed to impose the sentence within a reasonable time, and vacated the order imposing sentence upon revocation of Defendant's probation. *Id.*

[¶10] In the instant case, the appellant's reliance on *Yates* is misplaced. *See Reagan v. State*, 14 P.3d 925, 929 (Wyo. 2000). Here, pursuant to the parameters of Wyo. Stat. Ann. § 7-19-307(d), the district court revoked the appellant's probation and reimposed the suspended sentence of four to six years related to the underlying failure to register charge. Then, based upon the separate and subsequent charge of escape, the district court imposed a three to seven year sentence but suspended execution of the sentence in favor of probation, which is permitted under Wyo. Stat. Ann. § 7-13-302 (LexisNexis 2009).

[¶11] The appellant's consecutive sentences are legal and the district court did not abuse its discretion. Unlike *Yates*, where the district court suspended a sentence in favor of a term of probation without imposing a specified time of incarceration for a violation of the probation, the district court in the instant case did impose a sentence for the escape charge and then opted to suspend the sentence for probation. Furthermore, it was legal for the district court to order the probationary sentence for the escape charge to be served consecutively after completion of the reimposed sentence related to the sex offender registration violation. *Graham v. State*, 2011 WY 130, ¶¶ 12-15, 261 P.3d 239, 242 (Wyo. 2011); *Reagan*, 14 P.3d at 929; *see e.g., Cothren v. State*, 2013 WY 125, ¶ 36, 310 P.3d 908, 918 (Wyo. 2013). The district court was well within its sentencing discretion.

## CONCLUSION

[¶12] The district court did not abuse its discretion when it sentenced the appellant to a period of imprisonment followed by a period of probation.

[¶13] Affirmed.

3