# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 125

OCTOBER TERM, A.D. 2014

October 8, 2014

TEDDY DEAN DANIELS,

Appellant
(Defendant),

v.                                                          S-14-0023

THE STATE OF WYOMING,

Appellee
(Plaintiff).

---

*Appeal from the District Court of Sublette County*
The Honorable Marvin L. Tyler, Judge

*Representing Appellant:*
Office of the Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel.  Argument by Mr. Morgan.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director; David E. Singleton, Student Director; and Sophie Dornbach, Student Intern, Prosecution Assistance Program.  Argument by Mr. Singleton.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

*\*Chief Justice at time of oral argument.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Justice.**

[¶1]   The district court revoked Teddy Dean Daniels' probation and reinstated his prison sentence.  Although the district court told Mr. Daniels in an earlier proceeding that he would earn credit against his sentence for time spent in substance abuse treatment, it refused to award him such credit based upon its belief that this Court's jurisprudence prohibited it.  We conclude the district court had authority to give Mr. Daniels credit for time spent in treatment and should have done so, in accordance with its earlier representation, if he successfully completed treatment.  It is not, however, clear from the record whether he successfully completed treatment.  Therefore, we reverse and remand for a determination of that factual issue and the award of credit, if proper.

## ISSUES

[¶2]   Mr. Daniels presents the following issues on appeal:

> I.      Did the district court violate the double jeopardy provisions of the Fifth Amendment to the Constitution of the United States and Art. 1, § 11 of the Wyoming Constitution when, following a probation revocation, it failed to give credit for time served at an in-patient treatment facility, contrary to a previous order and sentence?
>
> II.     Did the district court violate the due process provisions of the Fifth Amendment to the Constitution of the United States and Art. I, § 6 of the Wyoming Constitution when, following a probation revocation, it failed to give credit for time served at an in-patient treatment facility, contrary to a previous order and sentence?

Although phrased differently, the State articulates the same issues.

## FACTS

[¶3]   Mr. Daniels pleaded guilty in 2009 to one felony count of possession of over three ounces of marijuana.  The district court sentenced him to serve a term of incarceration of one to three years but suspended the sentence in favor of two years of supervised probation.

[¶4]   In September 2011, the State petitioned to revoke Mr. Daniels' probation for using controlled substances and consuming alcohol in a bar.   Mr. Daniels admitted the violations and the district court revoked his probation, but immediately reinstated it for another two-year period.  The district court verbally stated:

> The Defendant is to successfully complete an in-patient treatment program at his own cost and expense.   The Defendant will be given credit off of his imprisonment sentence for his presentence incarceration on the Petition for Revocation of Probation plus every day while in in-patient treatment, assuming he's successful.  If the Defendant is not successful in treatment[, . . . ] the Court may not consider giving him credit for the time that he is in in-patient treatment.

The district court's written order stated:

> Defendant is given credit for One Hundred Sixty (160) days off of the minimum and maximum imprisonment sentence herein for presentence confinement.  If Defendant successfully completes in-patient treatment, he will receive credit off of the minimum and maximum imprisonment sentence for his time in in-patient treatment[.]

[¶5]   In September 2013, Mr. Daniels again violated the terms of his probation by driving while under the influence of alcohol and running a flashing red light.  He admitted the violations, and, at an October 24, 2013, hearing, the district court imposed the underlying one to three year sentence.  Mr. Daniels sought credit for 434 days against his sentence, but the district court awarded only 173 days, concluding that it could not award credit for the time he spent in treatment.  The district court stated the Wyoming Supreme Court had, in a recent case, decided that a defendant was entitled to credit only if he could be charged with escape for leaving the treatment center.  The district court concluded that since Mr. Daniels was not subject to a charge of escape, he was not entitled to credit for the time he spent in the treatment center.  Mr. Daniels appealed.

## DISCUSSION

[¶6]   Mr. Daniels claims his constitutional rights to due process of law and not to be placed twice in jeopardy for the same offense were violated when the district court refused to grant credit against his sentence for the time he spent in in-patient substance abuse treatment.  We review asserted violations of constitutional rights *de novo*. *Tucker v. State,* 2009 WY 107, ¶ 11, 214 P.3d 236, 240 (Wyo. 2009).

[¶7]    We begin with Mr. Daniels' due process argument because it is dispositive.  Due process of law is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Art. 1, § 6 of the Wyoming Constitution.  A district court's failure to award proper credit for presentence confinement results in an illegal sentence and violates the defendant's right to due process of law.  *See, e.g., Gomez v. State,* 2004 WY 15, 85 P.3d 417 (Wyo. 2004); *Cothren v. State,* 2013 WY 125, 310 P.3d 908 (Wyo. 2013).

[¶8]    Although Wyoming has no statute governing when a defendant is entitled to presentence confinement credit, we have addressed the issue in our case law.  *Hedge v. State,* 696 P.2d 51, 52 (Wyo. 1985).  The district court relied on our October 22, 2013, decision in *Yearout v. State,* 2013 WY 133, 311 P.3d 180 (Wyo. 2013), in ruling it could not give Mr. Daniels credit against his sentence for the time he spent in treatment.  Mr. Yearout claimed he was entitled to credit against his original sentence for the time he spent in treatment while on probation.  We reviewed our case law and concluded a district court must award credit against a sentence when the defendant is in "official detention."  *Id.,* ¶ 8, 311 P.3d at 182.  Typically, official detention does not include supervision on probation or parole.  *Id.,* citing Wyo. Stat. Ann. § 6-5-201(a)(ii).  "However, if a condition of probation subjects a defendant to a charge of escape, he is entitled to credit against his sentence for the time spent in that environment."  *Yearout,* ¶ 8, 311 P.3d at 182, citing *Blouir v. State,* 950 P.2d 53, 55 (Wyo. 1997).  *See also Weedman v. State,* 792 P.2d 1388, 1389 (Wyo. 1990) (recognizing defendant entitled to credit for presentence confinement due to his indigency and holding that "credit should be granted against the minimum and maximum term of each concurrent sentence").  In Yearout's case, there was no evidence that he would have been subject to a charge of escape if he left the treatment facility; therefore, he was not entitled to credit.

[¶9]    The district court in the case at bar suggested that the *Yearout* decision changed or extended the law on presentence confinement credit in Wyoming.  That was not accurate; *Yearout* was entirely consistent with our earlier precedent.  In *YellowBear v. State,* 874 P.2d 241, 245-46 (Wyo. 1994), the district court ordered the defendant to undergo substance abuse treatment on three different occasions.  The district court did not give him credit against his underlying sentence for any of the time he spent in treatment.  We concluded YellowBear was entitled to credit for one of his treatment programs but not for the other two.  In reaching that decision, we considered the wording the district court used in its orders to determine whether the defendant was subject to a charge of escape from official detention if he left the treatment facilities.  *Id.*

[¶10] The order which established official detention stated that YellowBear was considered in custody while in the treatment program and prohibited him from leaving the treatment center except in custody of the sheriff's department.  *Id.* at 245.  The language of the other two orders, which did not rise to the level of official detention, indicated that he was on supervised probation while in treatment.  *Id.* at 246.  *See also*

*Beyer v. State,* 2008 WY 137, ¶¶ 8-11, 196 P.3d 777, 780-81 (Wyo. 2008) (analyzing the defendant's claim that he was entitled to credit for time spent in treatment using the rationale from *YellowBear*); *Morrison v. State,* 2012 WY 41, 272 P.3d 321 (Wyo. 2012) (defendant not entitled to credit for time spent in outpatient treatment program because court order did not state that he was in official detention); *Center v. State,* 2011 WY 73, 252 P.3d 963 (Wyo. 2011) (defendant entitled to presentence confinement credit because order stated he would be subject to immediate imprisonment if he failed to complete an inpatient treatment program).

[¶11] A district court must award credit when a defendant is in official detention; however, it also has discretion to award credit in other circumstances. "The rule in Wyoming is that the trial judge has discretion to grant or deny credit for time served in presentence custody where such custody is not due to the defendant's indigency and the sum of such time spent plus the sentence does not exceed the maximum allowable sentence." *Hedge,* 696 P.2d at 52. *See also Jones v. State,* 602 P.2d 378, 381 (Wyo. 1979). In *Sweets v. State,* 2001 WY 126, ¶ 7, 36 P.3d 1130, 1131-32 (Wyo. 2001), the defendant was serving an earlier unrelated sentence when he negotiated a plea agreement which included credit for some of that time against his second sentence. Although we concluded the defendant's detention did not meet the definition of presentence confinement because he was incarcerated on a different charge, we used the same rationale as in *Hedge* and *Jones* and concluded the district court had discretion to grant presentence confinement credit that the defendant was not otherwise entitled to receive. *Id.*

[¶12] It is, therefore, clear that district courts have the authority to order that a defendant will be in official detention while in in-patient treatment, thereby entitling him to presentence credit for that time. *See YellowBear, supra.* When the district court ordered after the first revocation proceeding that Mr. Daniels would receive credit for successful completion of inpatient treatment, it could have also stated that he would be in official detention and subject to escape charges for leaving the facility. The district court did not, however, include that provision in its order.

[¶13] Even though Mr. Daniels was not in official detention, the district court had discretion to award presentence confinement credit for the time he spent in in-patient treatment. *See Sweets, supra.* Contrary to the district court's ruling at the second revocation disposition hearing, there was nothing in the law to prohibit it from granting credit under the circumstances presented here, and the district court erred as a matter of law by ruling it did not have authority to award such credit. In general, a court should honor its earlier rulings unless there is a legitimate reason not to do so. *See, e.g., Fullmer v. Meacham,* 387 P.2d 1007, 1009 (Wyo. 1964) (holding that judge's oral pronouncement typically must be given effect). Given the district court told Mr. Daniels he would receive credit for the time he spent successfully completing in-patient treatment, it abused its discretion by subsequently denying such credit without justification. In absence of

evidence to support its decision to change its order, the district court should have followed its earlier ruling.

[¶14] Our determination that the district court should have complied with its earlier ruling does not, however, end the analysis in this case. The district court stated Mr. Daniels would be granted credit if he successfully completed in-patient treatment. At the probation revocation disposition hearing, the district court did not make a finding as to whether or not Mr. Daniels successfully completed in-patient treatment, and there was conflicting evidence about that factual matter. Mr. Daniels represented himself at the hearing and provided documentation apparently showing he completed a treatment program in 2011, but that could not have been the treatment program he was ordered to complete in 2012. The prosecutor stated that she believed Mr. Daniels had successfully completed treatment after the earlier revocation hearing but did not have confirmation and suggested the probation officer address that matter. The probation officer stated: "[Mr. Daniels] did complete treatment at Southwest Counseling Center. The discharge summary I have says that he was of maximum benefit, so not a complete completion, but he did do well in treatment." The district court noted the discrepancy in the evidence and indicated it was "unclear" whether Mr. Daniels had successfully completed treatment. Given the discrepancy in the record, remand is appropriate to determine whether or not Mr. Daniels successfully completed treatment.

[¶15] Reversed and remanded for proceedings consistent with this opinion.