# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2015 WY 58

*April Term, A.D. 2015*

**April 15, 2015**

DANIEL LEE NUNES,

Appellant
(Defendant),

v.                                                      S-15-0046

THE STATE OF WYOMING,

Appellee
(Plaintiff).

## ORDER REVERSING ORDER DENYING CREDIT FOR TIME SERVED

[¶1]   **This matter** came before the Court upon "Appellee's Motion to Reverse and Remand," e-filed herein March 26, 2015.  In this appeal, Appellant challenges the district court's "Order Clarifying Amended Mittimus."  This Court finds that the order should be reversed, in part, and that this matter should be remanded to the district court with instruction to award Appellant 187 days of credit for time served.

[¶2]   In 2010, Appellant pled guilty to one count of burglary and was placed on probation.  That probation was later revoked and a new term of probation imposed.  As part of that probation, Appellant was required to complete an Adult Community Corrections Program as well as a residential treatment program.  Appellant was confined in such a facility from February 13, 2013, until August 19, 2013, a total of 187 days.

[¶3]   Appellant's probation was revoked in September of 2014.  The district court imposed the underlying sentence, but Appellant was not credited for the time he spent in the community corrections facility.

[¶4]   The present action began in October of 2014, when Appellant filed a motion to correct illegal sentence.  Among other things, Appellant sought credit for the 187 days he spent in the community corrections facility.  On November 13, 2014, the district court

entered its "Amended Mittimus." Although the district court awarded Appellant 67 days of credit in the Amended Mittimus, the district court did not specifically rule on Appellant's request for credit for time spent in the community corrections facility.

[¶5] Next, Appellant filed a "Motion for Clarification," in which he requested credit for the time spent in the community corrections facility. On January 21, 2015, the district court entered its "Order Clarifying Amended Mittimus." Pertinent to this appeal, the district court ruled: "Since the Community Corrections condition of probation does not carry a possible escape penalty, no credit is given for Defendant's stay there."

[¶6] In the brief Appellant filed in the captioned appeal, he challenges the district court's ruling that he is not entitled to credit for time spent in the community corrections facility. In response to that brief, the State of Wyoming filed "Appellee's Motion to Reverse and Remand." The State acknowledges Appellant is entitled to credit for time spent in the community corrections facility. The State quotes from the district court's colloquy with Appellant at a sentencing hearing. There, the district court advised Appellant that time spent at the community corrections facility would be credited against his sentence if his probation was revoked.

[¶7] This Court agrees with the State that the present matter is indistinguishable from *Daniels v. State*, 2014 WY 125, 335 P.3d 483 (Wyo. 2014). There, the district court advised Mr. Daniels he would receive credit for successful completion of inpatient treatment. However, the district court later denied such credit when it revoked probation. In reversing that denial, this Court wrote:

> Even though Mr. Daniels was not in official detention, the district court had discretion to award presentence confinement credit for the time he spent in in-patient treatment. *See Sweets, supra*. Contrary to the district court's ruling at the second revocation disposition hearing, there was nothing in the law to prohibit it from granting credit under the circumstances presented here, and the district court erred as a matter of law by ruling it did not have authority to award such credit. In general, a court should honor its earlier rulings unless there is a legitimate reason not to do so. *See, e.g., Fullmer v. Meacham*, 387 P.2d 1007, 1009 (Wyo. 1964) (holding that judge's oral pronouncement typically must be given effect). Given the district court told Mr. Daniels he would receive credit for the time he spent successfully completing in-patient treatment, it abused its discretion by subsequently denying such credit without justification. In absence of evidence to support its decision to change its order, the district court should have followed its earlier ruling.

*Id.*, ¶ 13, 335 P.3d at 487.  This Court agrees with the State that *Daniels* is controlling here and that Appellant should be credited for 187 days spent in the community corrections facility.  It is, therefore,

[¶8]  **ORDERED** that the district court's January 21, 2015 "Order Clarifying Amended Mittimus," be, and hereby is, reversed in part; and it is further

[¶9]  **ORDERED** that this matter is remanded to the district court for that court to award Appellant 187 days of credit for time served.

[¶10]  **DATED** this 15th day of April, 2015.

BY THE COURT:

/s/

**E. JAMES BURKE**
**Chief Justice**