# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 9

OCTOBER TERM, A.D. 2015

January 21, 2016

KYLE BENTON ASKIN,

Appellant
(Defendant),

v.

S-15-0162

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

**Representing Appellant:**

*Office of the State Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Kirk Allan Morgan, Senior Assistant Appellate Counsel.*

**Representing Appellee:**

*Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Caitlin F. Young, Assistant Attorney General.*

**Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.**

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Appellant, Kyle Benton Askin, claims the district court applied an improper legal standard in denying his request for credit for time served in presentence confinement.  He contends the district court made its decision based upon an erroneous understanding that it lacked the discretionary authority to award credit.  We agree with Appellant and, accordingly, we reverse and remand to the district court.

## ISSUE

[¶2]    Appellant presents the following issue:

> Did the district court apply the correct legal standard in determining whether to award Appellant credit for time spent in presentence confinement?

## FACTS

[¶3]    In 2007, Appellant pled guilty to two counts of failure to register as a sex offender and received concurrent sentences, which were suspended in favor of probation.  *Askin v. State*, 2013 WY 162, ¶ 4, 314 P.3d 1182, 1183 (Wyo. 2013).  As part of his probation, Appellant was required to complete an adult community corrections program at a community corrections facility.  *Id.*  After Appellant left the program prior to completion, the State charged him with escape and petitioned to revoke his probation.  *Id.*, ¶ 5, 314 P.3d at 1183.  The district court revoked Appellant's probation and re-imposed the suspended sentence of four to six years for failure to register as a sex offender.  *Id.* Appellant pled guilty to the escape charge and was sentenced to three to seven years imprisonment.  The district court suspended the new sentence in favor of four years of supervised probation, to be served consecutively to the re-imposed sentence for failure to register.  *Id.*

[¶4]    In June 2014, the Natrona County Sheriff's Office discovered that Appellant was not living at the address he provided when he updated his sex offender registration in March of that year.  As a result, Appellant's probation was revoked and the prison sentence for Appellant's escape conviction was re-imposed.  Additionally, on August 6, 2014, while Appellant was incarcerated, the State charged him with one count of failure to register as a sex offender in violation of Wyo. Stat. Ann. §§ 7-19-302 and 7-19-307(c) (LexisNexis 2013).  Appellant was subsequently transported from the Wyoming Medium Correctional Institution in Torrington to the Natrona County jail for disposition of the charge of failure to register.

[¶5]    Pursuant to a plea agreement, Appellant pled guilty to the charge of failure to register and the State agreed to recommend a sentence of 18 to 24 months imprisonment.

1

The district court accepted the plea and imposed the recommended sentence. The court denied Appellant's request for credit for time spent in presentence confinement, stating that it did not "believe, at least at this time, that there is sufficient legal authority to award any credit for time served in this case." This appeal followed.

## DISCUSSION

[¶6]    In his only issue, Appellant claims the district court erred by failing to consider his request for credit for time spent in presentence confinement. Appellant asserts the district court incorrectly believed that it did not have authority to award credit for time spent in presentence confinement where, as in the present case, the defendant was serving time for an unrelated conviction at the same time. Appellant contends that Wyoming law clearly provides that a district court has discretion to award such credit. Accordingly, he requests that we remand to the district court to consider his claim for credit for time served under the appropriate legal standard.

[¶7]    The State responds that presentence confinement does not include confinement that persists without regard to the defendant's ability to post bond. It contends that, as a result, the time Appellant spent in prison during adjudication of this matter does not meet the definition of "presentence confinement." The State claims there is a "disconnect" between the district court's authority to award credit for presentence confinement and the fact that Appellant's detention does not qualify as presentence confinement.

[¶8]    According to the State, because Appellant did not object to the district court's refusal to award credit for presentence confinement, we should review for plain error. We do not agree. Appellant raised the issue before the district court when he requested credit for time served in presentence confinement. Accordingly, we find that the plain error standard of review does not apply. We review the district court's refusal to grant the requested credit for an abuse of discretion. *Daniels v. State*, 2014 WY 125, ¶ 11, 335 P.3d 483, 486 (Wyo. 2014).

[¶9]    We addressed an issue similar to the one presented here in *Daniels v. State*. In that case, the district court denied the defendant's request for credit for time spent completing an in-patient treatment program. *Id.*, ¶ 5, 335 P.3d at 485. The court based its decision on the belief that it did not have authority to award such credit because the defendant was not subject to a charge of escape. *Id.* We explained that the district court has discretion to grant or deny credit for time served in presentence custody where such custody is not due to the defendant's indigency and the sum of such time spent plus the sentence does not exceed the maximum allowable sentence:

> A district court must award credit when a defendant is in official detention; however, it also has discretion to award credit in other circumstances. "The rule in Wyoming is that

2

the trial judge has discretion to grant or deny credit for time served in presentence custody where such custody is not due to the defendant's indigency and the sum of such time spent plus the sentence does not exceed the maximum allowable sentence." *Hedge* [*v. State*], 696 P.2d [51, 52 (Wyo. 1985)]. *See also Jones v. State*, 602 P.2d 378, 381 (Wyo. 1979). In *Sweets v. State*, 2001 WY 126, ¶ 7, 36 P.3d 1130, 1131-32 (Wyo. 2001), the defendant was serving an earlier unrelated sentence when he negotiated a plea agreement which included credit for some of that time against his second sentence. Although we concluded the defendant's detention did not meet the definition of presentence confinement because he was incarcerated on a different charge, we used the same rationale as in *Hedge* and *Jones* and concluded the district court had discretion to grant presentence confinement credit that the defendant was not otherwise entitled to receive. *Id.*

*Daniels*, ¶ 11, 335 P.3d at 486. In accordance with this rule, we held that

Even though Mr. Daniels was not in official detention, the district court had discretion to award presentence confinement credit for the time he spent in in-patient treatment. *See Sweets*, *supra*. Contrary to the district court's ruling at the second revocation disposition hearing, there was nothing in the law to prohibit it from granting credit under the circumstances presented here, and the district court erred as a matter of law by ruling it did not have authority to award such credit.

*Id.*, ¶ 13, 335 P.3d at 487.

[¶10] In *Sweets v. State*, ¶ 3, 36 P.3d at 1131, the defendant was serving a prison sentence for indecent liberties with a minor when the State brought a charge of delivery of a controlled substance for acts which had occurred prior to his incarceration. The defendant was transported from the Wyoming State Penitentiary to the Sweetwater County jail and incarcerated there while he awaited trial on the drug delivery charge. *Id.* At the sentencing hearing, the district court awarded the defendant credit for 31 days spent in presentence confinement. *Id.* We concluded that

Sweets' receipt of thirty-one days presentence credit at the time of his sentence for the second conviction is not contrary to the law. It is within the trial court's discretion to grant or deny credit for time served in presentence detention

3

> if (1) the detention is not due to the defendant's indigency, and (2) the sum of the time spent in presentence detention plus the sentence given upon conviction does not exceed the maximum allowable sentence. *Hedge v. State*, 696 P.2d 51, 52 (Wyo. 1985).

*Sweets*, ¶ 7, 36 P.3d at 1131.

[¶11]   The State claims that our decision in *Sweets* is inconsistent with prior precedent, including *Smith v. State*, 932 P.2d 1281, 1282 (Wyo. 1997), *Wayt v. State*, 912 P.2d 1106, 1109-10 (Wyo. 1996), and *Wilson v. State*, 896 P.2d 1327, 1328-29 (Wyo. 1995).  Those cases, however, do not conflict with the decisions in *Sweets* and *Daniels*.  Rather, they stand for the proposition that credit for presentence confinement is not *required* when the defendant is in custody on different charges.  In *Smith*, 932 P.2d at 1282, we stated as follows:

> In recent cases, we have made clear the proposition that credit for presentence confinement does not include any credit for confinement that would persist without regard to the defendant's ability to post bond in the court in which he is awaiting sentence. *Wayt v. State*, 912 P.2d 1106 (Wyo. 1996); *Wilson v. State*, 896 P.2d 1327 (Wyo. 1995). In *Wilson*, it was clear that Wilson would have remained in custody on another charge even if he had posted bond on the charge for which he sought presentence confinement credit. In *Wayt*, Wayt was held in Platte County on different charges than the one for which he was awaiting sentence in Natrona County. Under the circumstances, no credit was required.

While our decisions in *Smith* and the cases discussed therein hold that a defendant is not entitled to credit for time served when the defendant is in custody on unrelated charges, they do not hold that the district court does not have discretion to award such credit. Accordingly, we are not persuaded by the State's claim that *Sweets* or *Daniels* is contrary to this Court's precedent.

[¶12]   Based on our decisions in *Daniels* and *Sweets*, the district court had authority to award Appellant credit for time spent in presentence confinement.  We have previously recognized that judicial discretion is "a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Sanchez v. State*, 2013 WY 159, ¶ 10, 314 P.3d 1177, 1180 (Wyo. 2013). In determining "what is right under the circumstances," it is essential that the court apply the applicable law.  Indeed, we have stated that "An abuse of discretion occurs when a

court's decision exceeds the bounds of reason or constitutes an error of law." *Goody v. Goody*, 939 P.2d 731, 733 (Wyo. 1997). In this case, the district court was under the mistaken impression that it lacked the requisite authority to award credit for time served in presentence confinement. We note that the district court is not required to award Appellant credit. It must, however, make that decision with the understanding that it has the discretionary authority to award the requested credit.

[¶13] Reversed and remanded for proceedings consistent with this opinion.