# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 132

### OCTOBER TERM, A.D. 2019

### December 30, 2019

ELMER R. PETERSEN,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-19-0136

*Appeal from the District Court of Campbell County*
*The Honorable Michael N. Deegan, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Russell Farr, Senior Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice**.

[¶1]  Elmer Petersen pled guilty to domestic battery and failure to register as a sex offender.  On appeal, he claims he did not receive adequate credit for his presentence confinement.  We affirm.

## ISSUES

[¶2]  Mr. Petersen presents a single issue that we restate as two issues:

> 1.    Did the district court abuse its discretion in denying Mr. Petersen's request for additional credit for time served?
>
> 2.    Did the district court violate Mr. Petersen's due process rights by inducing him to plead guilty?

## FACTS

[¶3]  In 2009, Mr. Petersen was convicted of second-degree sexual assault and interference with child custody.  The conviction arose from an incident in which he sexually assaulted his estranged wife and absconded with their young child.  He was sentenced to a prison term of four to sixteen years for the sexual assault and one to two years for the interference, to be served concurrently.  He completed his sentence on the interference count in June 2010, and on February 20, 2013, he was granted parole on the sexual assault count.

[¶4]  On March 29, 2018, Mr. Petersen's girlfriend reported two recent incidents during which Mr. Petersen became angry and injured her.  She reported that the first occurred on March 21, and that Mr. Petersen placed his hand around her throat and kept her from breathing for about a minute.  She reported that the second occurred the next evening, and that he grabbed her by the arm and then pushed her, causing her to fall to the ground.  The law enforcement officer who took the report observed bruising on the girlfriend's neck and arm that was consistent with her report.

[¶5]  On March 30, 2018, a warrant issued for Mr. Petersen's arrest on one count of strangulation of a household member and one count of domestic battery.  On April 4, 2018, law enforcement officers went to Mr. Petersen's last known address to serve the arrest warrant and were told that he no longer lived at that address.

1

[¶6]    On May 9, 2018, Mr. Petersen was arrested in Pennsylvania for violation of his Wyoming parole.[1]   He waived extradition and was returned to Wyoming, where he was immediately placed in the State's medium security correctional facility, pending parole revocation.  On July 10, 2018, his parole was revoked, and he resumed serving his sentence on the 2009 sexual assault conviction.

[¶7]    On May 21, 2018, while Mr. Petersen's parole revocation was still pending, a warrant issued for his arrest on a charge of failure to register as a sex offender.  On August 30, 2018, the State served Mr. Petersen with that arrest warrant and with the March 2018 warrant for the domestic battery and strangulation charges.  On August 31, 2018, the circuit court issued two appearance bonds, one for the failure to register charge and one for the strangulation and domestic battery charges.   The bonds conditioned release on Mr. Petersen's personal surety of $50,000, and each also included a note that Mr. Petersen was in the custody of the Department of Corrections and not subject to release.

[¶8]    On September 17, 2018, Mr. Petersen was arraigned and pled not guilty to the charges.  He later reached a plea agreement with the State, and on January 16, 2019, the district court held a change of plea hearing.  The parties outlined the plea agreement as follows:

> [THE COURT]:       . . . So as I understand, [Defense Counsel], there's some kind of a plea agreement here today, is that it?
>
> [DEFENSE COUNSEL]:    There is, Your Honor.  He's going to plead to failure to register, two to three imposed; DV battery six months imposed; strangulation dismissed.  All to run concurrent with what he's doing now in the system.
>
> [THE COURT]:      And what is that?
>
> THE DEFENDANT:       Four to 16.
>
> [THE COURT]:      For what kind of an offense?
>
> THE DEFENDANT:       Second degree sexual assault.
>
> [THE COURT]:    I see.   And when did you start your sentence on that?

---

[1] The record indicates that the parole violations that led to Mr. Petersen's arrest were failure to maintain contact with his parole agent and a 2017 domestic battery to which he pled no contest in March 2018.

THE DEFENDANT: I started it in 2009, and I just went to my parole revocation in July, and they took 1653 days of my street time away, so now I got to go until 2027.

[THE COURT]: Okay. And, [Prosecutor], is that essentially the gist of the agreement, from your standpoint?

[PROSECUTOR]: Yes, Your Honor.

[¶9]   After the above exchange, the court asked Mr. Petersen to confirm his understanding of the plea agreement.

[THE COURT]: Okay. And, Mr. Petersen, you've heard this plea agreement recited orally here into the record. Is that your understanding of the agreement?

THE DEFENDANT: Yes.

I'd also like to ask if I could get my time for when this started, when I was locked up since May, because I've been sitting down there in Torrington since May on this charge, and I'd like all my time to count, you know.

[THE COURT]: Well, you're certainly entitled to credit for time served from the time you were taken into custody on these charges.

THE DEFENDANT: Okay. I just want that part of the plea agreement.

[THE COURT]: And that's, whether part of the plea agreement or not, you're entitled to that.

THE DEFENDANT: Okay.

[THE COURT]: And we may not be able to nail down that number today, but when it comes time for sentencing, hopefully that number will be nailed down.

THE DEFENDANT: Okay.

[THE COURT]: And it runs from when you were taken into custody.

3

[¶10] After additional questioning to ensure Mr. Petersen's guilty pleas were knowing and voluntary, the district court accepted his pleas and dismissed the strangulation charge. The court also ordered his appearance bonds revoked.

[¶11] On April 26, 2019, the district court held a sentencing hearing. Per the plea agreement, it sentenced Mr. Petersen to a prison term of two to three years for the failure to register and a term of 180 days for the domestic battery, to run concurrently with each other and the sentence he was already serving. Mr. Petersen again raised the question of credit for time served and asserted that he was entitled to credit from May 9, 2018, the date on which he was arrested in Pennsylvania. The court conferred with the attorneys and Mr. Petersen's parole officer and concluded that because Mr. Petersen was not arrested on the failure to register and battery charges until August 30, 2018, he was not entitled to credit from the time of the May arrest. The court found that Mr. Petersen was held without bond on the failure to register and battery charges for 102 days (two days before the bonds issued and 100 days after the bonds were revoked) and gave him credit for that time served. Mr. Petersen timely appealed his sentence to this Court.

## STANDARD OF REVIEW

[¶12] "Whether an imposed sentence is illegal because the defendant was not properly credited for his confinement prior to sentencing is a question of law that this Court reviews de novo." *Hutton v. State*, 2018 WY 88, ¶ 14, 422 P.3d 967, 970 (Wyo. 2018) (citing *Baker v. State*, 2011 WY 53, ¶ 8, 248 P.3d 640, 642 (Wyo. 2011)). We also recognize, however, that a sentencing court may award credit that a defendant may not otherwise be entitled to receive. *Askin v. State*, 2016 WY 9, ¶ 9, 365 P.3d 784, 786 (Wyo. 2016) (quoting *Daniels v. State*, 2014 WY 125, ¶ 11, 335 P.3d 483, 486 (Wyo. 2014)). We review a denial of any such credit for an abuse of discretion. *Askin*, ¶ 8, 365 P.3d at 786. "An abuse of discretion will not be found unless the court acts in a manner that exceeds the bounds of reason." *Sam v. State*, 2019 WY 104, ¶ 9, 450 P.3d 217, 221 (Wyo. 2019).

[¶13] Mr. Petersen's due process claim asserts a constitutional violation that we review de novo. *Daniels*, ¶ 6, 335 P.3d at 485 (citing *Tucker v. State*, 2009 WY 107, ¶ 11, 214 P.3d 236, 240 (Wyo. 2009)).

## DISCUSSION

### A. Discretionary Award of Credit

[¶14] A sentencing court must award credit for time that a defendant spends in official detention on a charge before sentencing. *Askin*, ¶ 9, 365 P.3d at 786 (quoting *Daniels*, ¶ 11, 335 P.3d at 486).

4

District and circuit courts must determine the amount of time a defendant has spent in presentence confinement when they impose sentence. *Hagerman v. State*, 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011); W.R.Cr.P. 32(c)(2)(E) (the judgment and sentence must "[i]nclude a finding of all time served by the defendant in presentence confinement for any sentenced offense"). Presentence confinement is incarceration resulting from the failure to post bond on the offense for which the sentence is entered, and does not include "other confinement that would continue to exist without regard" for the posting of bond on that offense. *Sweets v. State*, 2001 WY 126, ¶ 5, 36 P.3d 1130, 1131 (Wyo. 2001). In most cases, calculation of the time spent in presentence confinement requires the court to do no more than determine how long the defendant was held in county detention pending trial on the offense before the court, or whether he was serving time on some other sentence and would have been held regardless of ability to post bond. The defendant receives a day of presentence credit for any part of a day spent in confinement.

*Cothren v. State*, 2013 WY 125, ¶ 27, 310 P.3d 908, 915 (Wyo. 2013); *see also Mitchell v. State*, 2018 WY 110, ¶ 33, 426 P.3d 830, 839 (Wyo. 2018).

[¶15]   While a sentencing court must award credit when a defendant is in official detention for the offense on which he is being sentenced, the court also has discretion to award credit for other confinement, so long as "the sum of such time spent plus the sentence does not exceed the maximum allowable sentence." *Askin*, ¶ 9, 365 P.3d at 786 (quoting *Daniels*, ¶ 11, 335 P.3d at 486).   We have held that a court errs if it denies a defendant's request for such discretionary credit based on a mistaken belief that it does not have the legal authority to award it.

Based on our decisions in *Daniels* and *Sweets,* the district court had authority to award Appellant credit for time spent in presentence confinement. . . . In this case, the district court was under the mistaken impression that it lacked the requisite authority to award credit for time served in presentence confinement. We note that the district court is not required to award Appellant credit. It must, however, make that decision with the understanding that it has the discretionary authority to award the requested credit.

*Askin*, ¶ 12, 365 P.3d at 787-88.

5

[¶16]  Because Mr. Petersen's confinement from May 9, 2018 to August 30, 2018, was unrelated to the failure to register and domestic battery charges on which he was being sentenced, he was not entitled to credit for that time, and he does not contend otherwise. He instead argues that the district court had discretion to award him the credit, and, as in *Askin*, it erred when it mistakenly concluded that it did not.  In support of his argument, he points to the following statement by the court during sentencing:

> Okay.  And let me just say on that, through the colloquy the Court's had with counsel, this is all the credit the Court feels [it] is legally permitted to give, under the analysis the Court expressed.  Maybe I'm wrong.  And if counsel want to do some research amongst themselves, because there needs to be countersignature on this Order, and come up with some other number for credit, and can justify it to the Court, then I'm happy to go along with that.

[¶17]  While the above-quoted statement may suggest that the district court believed its authority was limited, the court later clarified its position.

> [THE COURT]:      All right, so there will be credit for 102 days served.
>
> And you know, this is a – you claim that the discussion was for credit from May 9, and the State's Attorney is telling me the discussion was you'd be receiving credit for whatever you were legally entitled to receive credit for, which unfortunately is the two days plus this extra hundred, since the 16th of January.
>
> [PROSECUTOR]:   And, Your Honor, just to be clear, I want to say I don't remember discussing it all.  You know, the State is of the opinion, that whatever he's entitled to, he's entitled to.
>
> [THE COURT]:      Right.
>
> [PROSECUTOR]:   I'm saying I don't recall a discussion at all.  Now, I may – and maybe [defense counsel] or I should look at the transcript and see if there was a different understanding.  But I guess just for clarity's sake, I don't recall it being in a discussion at all.
>
> [DEFENSE COUNSEL]:   Usually my practice, Your Honor, is if there is an extraneous term beyond the Statement of

6

Agreement, to try to get it on the record. And I don't know, but that's my standard operating procedure.

[THE COURT]: And you know, I didn't read the entire transcript, I tried to zero in on –

[DEFENSE COUNSEL]: Yes, sir.

[THE COURT]: -- the discussion of this point. But like I say, if the two of you want to take a look at the transcript, it's right here in the court file.

[DEFENSE COUNSEL]: Yes, sir.

[THE COURT]: And if I'm wrong and you find something different, that there was some kind of a discussion, I guess that's fine. Of course that begs the question of the propriety of the Court giving credit for time that wasn't served on this case, but we have instances where that happens, where people are in treatment and that kind of thing, so I'm not going to have a lot of heartburn on that, if the two of you agree on something.

[¶18] It is apparent from the entirety of the discussion that the district court understood that it had the discretion to award the credit Mr. Petersen requested. The court did not do so because Mr. Petersen did not show that the parties had agreed on the award as part of the plea agreement. We find nothing unreasonable in that approach, and we therefore find no abuse of discretion in the denial of the requested credit.

### B.      Due Process Claim

[¶19] Mr. Petersen claims in the alternative that the district court violated his due process rights by giving him the impression that he would receive credit for time served from his May 9 arrest. We find no violation.

[¶20] A party claiming a due process violation "has the burden of demonstrating both that he has a protected interest and that such interest has been affected in an impermissible way." *Brown v. State*, 2017 WY 45, ¶ 30, 393 P.3d 1265, 1276 (Wyo. 2017) (quoting *KC v. State*, 2015 WY 73, ¶ 16, 351 P.3d 236, 241-42 (Wyo. 2015)). "The question is whether there has been a denial of fundamental fairness." *Id*.

[¶21] "A district court's failure to award proper credit for presentence confinement results in an illegal sentence and violates the defendant's right to due process of law." *Daniels*, ¶ 7, 335 P.3d at 485 (citing *Gomez v. State*, 2004 WY 15, 85 P.3d 417 (Wyo. 2004); *Cothren*

7

*v. State*, 2013 WY 125, 310 P.3d 908 (Wyo. 2013)). This is true whether the award relates to credit the defendant is entitled to receive or to credit that the sentencing court has promised in its discretion to allow. *See Daniels*, ¶¶ 7, 13, 335 P.3d at 485, 487 (finding a due process violation where the court ruled first that it would allow credit for time in treatment, but later held that it lacked authority to allow credit). Mr. Petersen has therefore made his first required showing that he has a protected interest in the credit at issue.

[¶22] We agree with the State, however, that Mr. Petersen has failed to show that his interest has been affected in an impermissible way. In *Daniels*, we found the defendant's interest was affected because the district court told him that he would receive credit for time he spent successfully completing in-patient treatment. *Daniels*, ¶ 13, 335 P.3d at 487. The record in this case contains no such assurances or promises.

[¶23] At the change of plea hearing, defense counsel put the plea agreement on the record: "He's going to plead to failure to register, two to three imposed; DV battery six months imposed; strangulation dismissed. All to run concurrent with what he's doing now in the system." The court then asked Mr. Petersen if this was his understanding of the agreement, and he responded, "Yes. I'd also like to ask if I could get my time for when this started, when I was locked up since May . . . ." The court responded, with our emphasis added, "Well, you're certainly entitled to credit for the time served from the time you were taken into custody on ***these charges***." The court explained that the amount of credit was not a question of the plea agreement but rather what Mr. Petersen was entitled to receive. The court further explained that the amount of credit he would receive had not yet been nailed down but hopefully would be by the time of sentencing.

[¶24] The terms of the agreement that defense counsel put on the record did not include an agreement concerning credit for time served, and the district court made no comments that we are able to construe as assurances that Mr. Petersen would receive credit for all or even part of the time served since his May 2018 incarceration. Moreover, the parties' written plea agreement was filed after the hearing, and it likewise contained no term addressing credit for time served. Because Mr. Petersen was not promised credit in addition to that to which he was entitled by law, he was not impermissibly induced to plead guilty, and his protected interest in the credit was not affected. We therefore find no due process violation.

[¶25] Affirmed.