**Louis BLOUIR, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 97–165.**

Supreme Court of Wyoming.

Dec. 19, 1997.

Louis Blouir, Jr., Pro Se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

This case comes before us upon an order granting a writ of review. We agreed to review the district court's order which denied Appellant Louis Blouir, Jr.'s request to be awarded a credit for the time which he spent in the Surveillance and Treatment of Offenders Program (S.T.O.P.).

We affirm.

## ISSUES

Blouir submits two issues for our analysis:

Issue I

Whether the Court erred in refusing to credit the period of confinement on Surveillance [and] Treatment [of] Offenders Program (STOP) off of the imposed sentence.

Issue II

Whether the Court should recognize the Surveillance [and] Treatment [of] Offenders Program as a sentence of confinement.

## FACTS

After Blouir pleaded guilty to the charge of delivering marihuana, the district court sentenced him to serve a term of not less than four years nor more than six years in the state penitentiary. The district court suspended the sentence and placed Blouir on probation for three years with one of the probation conditions being that he spend the first year in the S.T.O.P., which he accomplished.

The district attorney subsequently filed a petition to revoke Blouir's probation, alleging that Blouir had violated other conditions of his probation. Blouir admitted that he had violated those conditions, and the district court revoked his probation and reinstated his original sentence. The judge allowed 101 days to be credited against the minimum and maximum sentences for the time which Blouir served in the Laramie County Detention Facility and in the Wyoming State Hospital.

Blouir filed various motions, seeking to receive credit for the year that he spent in the S.T.O.P. The district court denied these motions. In a final attempt to receive credit for the year that he spent in the S.T.O.P., Blouir filed another motion which the district court again denied. Blouir filed a Motion for Redress, Acceptance of Notice to Appeal with this Court, asking us to review the district court's order. We considered his motion to be a petition for a writ of review and issued an order granting a writ of review.

## STANDARD OF REVIEW

In the absence of a clear abuse of discretion, we will not reverse a sentence which falls within the minimum and maximum terms set by the legislature. *Smith v. State*, 932 P.2d 1281, 1282 (Wyo.1997). "When a sentencing court erroneously fails to award a presentence confinement credit, a later denial of a motion to correct the illegal sentence constitutes an abuse of discretion." *Eustice v. State*, 871 P.2d 682, 684 (Wyo. 1994).

## DISCUSSION

Blouir contends that participation in the S.T.O.P. constitutes official detention and that, therefore, the district court erred by refusing to give him a credit against his reinstated prison sentence for the time that he was in the S.T.O.P. The State replies that a presentence confinement credit for the time spent on supervised probation is not appropriate unless a charge of escape from official detention will lie with respect to one of the probation conditions.

WYO. STAT. § 6–5–201(a)(ii) (1997) defines official detention as being an

arrest, detention in a facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or detention in any manner and in any place for law enforcement purposes. "Official detention" does not include supervision on probation or parole or constraint incidental to release on bail[.]

The definition explicitly omits "supervision on probation." Blouir was on probation, and his participation in the S.T.O.P. was one of the conditions of his probation. He was not incarcerated nor was he in custody during the time that he was in the S.T.O.P. Blouir, therefore, was not subject to official detention. *See White v. State,* 934 P.2d 745, 747 (Wyo.1997).

We addressed this precise issue in a case which had similar facts. *Kupec v. State,* 835 P.2d 359 (Wyo.1992). In *Kupec,* we held that, "when a defendant, as a probation condition, is placed in an environment from which a charge of escape would lie, he would be entitled to credit against his sentence for the time he spent in that environment if his probation were subsequently revoked." 835 P.2d at 363.

In this case, Blouir would not have faced escape charges if he had failed to remain in the S.T.O.P. because his participation in the S.T.O.P. was a condition of his probation and he was not subject to official detention. Blouir consequently is not entitled to be awarded a presentence confinement credit for the time that he was in the S.T.O.P.

Affirmed.