2011 WY 53

**Matthew Wayne BAKER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0265.**

Supreme Court of Wyoming.

March 24, 2011.

---

Representing Appellant: Matthew Wayne Baker, pro se.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Matthew Wayne Baker, acting *pro se*, challenges an order from the district court denying him credit against a prison sentence for time spent in a community corrections facility as a condition of probation. Appellant also contends he is due credit for time spent in jail after violating the terms of his probation, in addition to the credit the district court granted for this time. We conclude the district court properly granted credit for the time served subsequent to the probation violations, but erred in failing to award credit to Appellant for the 207 days spent in a community corrections facility. Accordingly, we affirm in part and reverse in part, and remand the case to the district court for entry of an order consistent with this opinion.

## ISSUE

[¶ 2] Whether the district court properly credited Appellant's prison sentence with time served prior to imposition of the sentence when the court (1) granted credit for time spent in jail subsequent to Appellant's probation violations and (2) denied credit for time spent at a community corrections facility as a condition of probation.

## FACTS

[¶ 3] In 2005, Appellant pled guilty to charges of forgery, in violation of Wyo. Stat. Ann. § 6–3–602(a)(ii), and misdemeanor interference with a peace officer, in violation of Wyo. Stat. Ann. § 6–5–204(a). On March 23, 2006, Appellant was sentenced to 30 days in jail for the misdemeanor interference offense and 30 to 60 months in prison for the forgery offense, which was suspended in favor of five years of probation. Appellant received credit against the 30– to 60–month prison sentence for seven days spent in pre-sentence confinement.

[¶ 4] On June 13, 2007, Appellant was arrested and incarcerated for violating the terms of his probation. The following day, the district court issued an Order Revoking Probation, but reinstated Appellant's probation on the condition that he participate in a rehabilitation program at the Casper Re–

Entry Center (CRC). Appellant was incarcerated for 36 days between June 13, 2007, the date of his arrest for the probation violation, and July 19, 2007, when he was transported to the CRC. Appellant successfully completed his program at the CRC on February 11, 2008, 207 days after his arrival at the facility. Appellant's probation continued after he was released from the CRC.

[¶ 5] On October 16, 2008, Appellant was again arrested for violating the terms of his probation. He was detained in county jail until November 25, 2008, when the district court issued an order revoking Appellant's probation and imposing the original 30– to 60–month prison term. Appellant was incarcerated for 40 days between October 16, 2008, and November 25, 2008. The district court ordered that Appellant receive "credit for seventy-six (76) days previously served, for time served off the minimum and maximum terms of imprisonment." Although the court did not explain how it arrived at the 76–day figure, it was presumably the sum of Appellant's 36–day period of incarceration subsequent to his first probation violation and Appellant's 40–day period of incarceration subsequent to his second probation violation.

[¶ 6] On June 9, 2010, Appellant filed a Motion to Correct an Illegal Sentence pursuant to W.R.Cr.P. 35(a), asserting that he was entitled to credit for 365 days for time spent at the CRC as well as the time he was detained during his probation revocation actions.[1] In the State's response to Appellant's motion, it argued that Appellant was not under official detention during the time spent at the CRC because he could not be charged with escape from that facility. The State asserted that Appellant was not entitled to credit for time spent at the CRC but acknowledged that Appellant should receive credit for an additional seven days for the time served during the original criminal prosecution.

[¶ 7] The district court, in an Order Correcting Sentence, agreed with the State and granted Appellant an additional seven days

of credit against his reinstated prison term. The district court stated as follows:

> It appearing to the Court that an error was made in the computation of time served in the Disposition On Order Revoking Probation dated November 16, 2008 and filed herein on December 4, 2008 in that the Defendant was given seventy-six (76) days credit for time served off the minimum and maximum terms of imprisonment. The Defendant had served 83 days.

The court did not grant Appellant credit for the 207 days he spent at the CRC. This appeal followed.

### STANDARD OF REVIEW

[¶ 8] "A sentence that does not include proper credit constitutes an illegal sentence. Whether a sentence is illegal is a question of law, which we review *de novo*." *Swain v. State*, 2009 WY 142, ¶ 8, 220 P.3d 504, 506 (Wyo.2009) (citing *Beyer v. State*, 2008 WY 137, ¶ 7, 196 P.3d 777, 780 (Wyo. 2008); *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007)).

### DISCUSSION

[¶ 9] Appellant contends he is entitled to credit against his sentence for time served during his probation revocation actions and for time spent in the Casper Re–Entry Center. With regard to the total number of days for which he is entitled to credit, he states "[t]he record is unclear but it is an estimated (243) days +/-." The State concedes, in its "Brief of Appellee Recognizing Error," that Appellant "should have received 207 days of credit for time served as a resident [at the CRC], in addition to the 83 days the district court has already awarded." Indeed, it is well-established that a person residing in a community correctional program is in official detention, and that time spent in a community corrections facility must be counted against a sentence that is imposed upon violation of the terms of probation.

> [U]nder the Wyoming Adult Community Corrections Act, "the sentencing court

---

1. Appellant does not explain, and the record does not reveal, how he arrived at the 365–day figure.

In any event, Appellant does not claim on appeal that he is entitled to credit for 365 days.

may, as a condition of probation, order that [an eligible] offender participate in a residential or nonresidential adult community correctional program." Wyo. Stat. Ann. § 7–18–108(a).... But the legislature also provided that a person in a community correctional program is in official detention, and may be charged with escape from the program. Wyo. Stat. Ann. § 7–18–112. Based on these explicit statutory provisions, we have recognized that a person participating in a community corrections program may be treated as both on probation and in detention. *Peper v. State,* 768 P.2d 26, 29 (Wyo.1989).

*Endris v. State,* 2010 WY 73, ¶ 17, 233 P.3d 578, 582 (Wyo.2010) (emphasis omitted). Further, because absenting oneself from a community corrections facility may lead to an escape charge, we have held that time spent as a resident in such a facility "must be counted against a sentence that is later imposed upon violation of probation." *Prejean v. State,* 794 P.2d 877, 879 (Wyo.1990); *see also Hernandez v. State,* 2009 WY 49, ¶ 4, 205 P.3d 183, 183–84 (Wyo.2009) (involving an escape charge arising from the defendant's failure to return to the Casper Re–Entry Center).

[¶ 10] The State concedes that the CRC is a community corrections facility. It acknowledges that the CRC was formerly known as Community Alternatives of Casper, which we have previously recognized as a community corrections facility. In *Yellow-Bear v. State,* 874 P.2d 241 (Wyo.1994), we held as follows:

> When a probationer is ordered to attend a community correctional program as a condition of his probation, a charge of escape from official detention will lie. *Peper v. State,* 768 P.2d 26, 29 (Wyo.1989). The probationer is entitled to receive a credit toward his sentence for the time he spent attending the program. *Prejean v. State,* 794 P.2d 877, 878–79 (Wyo.1990). Appellant was at Community Alternatives from October 9, 1992, until March 19, 1993, except for the time he spent attending his second Thunder Child treatment program. Because Appellant was in official detention while he was at Community Alternatives,

he would be entitled to receive a credit toward his sentence of an additional 161 days minus the number of full days he spent attending his second Thunder Child treatment program.

*Id.* at 246 (footnote omitted).

[¶ 11] The State also does not dispute that Appellant is entitled to credit received for the time spent in jail during his probation revocation actions. As the State acknowledges, we have previously held that "time spent in custody awaiting disposition of probation revocation proceedings must be credited against the probationer's underlying sentence if the incarceration is directly attributable to the underlying criminal conviction." *Swain,* ¶ 9, 220 P.3d at 506. We have also stated that "[i]t is well established that a defendant is entitled to credit for time spent in pre-sentence confinement against both the minimum and maximum sentence if he was unable to post bond for the offense of which he was convicted." *Barnes v. State,* 2008 WY 6, ¶ 29, 174 P.3d 732, 740 (Wyo.2008).

[¶ 12] Appellant "estimates" he is entitled to credit for "243 days +/-," which amounts to 36 days additional to his 207–day tenure at the CRC. The 243–day figure appears to be based either on the argument that he did not receive credit for his confinement subsequent to the first probation violation, or the argument that he was not given sufficient credit for the time he was detained subsequent to the second probation violation. However, the record does not support either of these contentions.

[¶ 13] With regard to the argument that Appellant did not receive credit for time served subsequent to the first probation violation, the record reveals that this time was credited against Appellant's sentence. Although the district court did not explain how it arrived at its calculations for time served in either the Order Revoking Probation, granting credit for 76 days, or the Order Correcting Sentence, granting credit for 83 days, the record indicates that Appellant's 36–day confinement subsequent to the first probation violation was included in each of these calculations. In the State's response to Appellant's Motion to Correct Illegal Sen-

tence, it computed Appellant's credits as follows:

  7   days original sentence

  1   day first probation violation (June 13, 2007)

  35  days first probation violation (June 14 to July 19, 2007)

  40  days next probation violation (October 16 to November 25, 2008)

  83  days

It is clear that the district court accepted these figures in granting Appellant credit for 83 days of time served in the Order Correcting Sentence. The record establishes that Appellant received credit for each of the periods of incarceration during his probation revocation actions.

[¶ 14] Appellant also appears to contend that he began his confinement for the second probation violation sometime in September of 2008. Appellant, however, does not provide a specific date on which he believes his confinement began. Again, the record does not support Appellant's contention. Rather, the record indicates that a warrant for Appellant's arrest was issued on October 16, 2008. There is simply nothing in the record to indicate that Appellant was confined prior to October 16, 2008 for the second probation violation.

[¶ 15] We hold that Appellant should have been granted credit against his sentence for the 207 days spent at the CRC, in addition to the 83 days granted in the district court's Order Correcting Sentence. Appellant, however, is not entitled to additional credit for the time he was detained during his probation revocation actions, as the district court has already accounted for that time. We reverse to the extent set forth above and remand to the district court for entry of an order granting Appellant credit against the minimum and maximum terms of Appellant's sentence for the 207 days spent in the CRC.