# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 133

OCTOBER TERM, A.D. 2013

**October 22, 2013**

DUSTIN LEE YEAROUT,

Appellant
(Defendant),

v.

No. S-13-0073

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*

> *Pro se.*

*Representing Appellee:*

> Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General; Brian J. Fuller, Student Intern.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]    Dustin Lee Yearout challenges the district court's denial of his motion to correct an illegal sentence.  We will affirm the district court's decision.

## ISSUE

[¶2]    The issue presented is whether Mr. Yearout is entitled to credit against his sentence for the time he spent in an in-patient substance abuse treatment program, and for the time he spent on intensive supervised probation.

## FACTS

[¶3]    In late 2010, Mr. Yearout was charged with two counts of burglary in violation of Wyo. Stat. Ann. § 6-3-301(a) (LexisNexis 2009) and one count of aggravated burglary in violation of Wyo. Stat. Ann. § 6-3-301(c).  He soon reached a plea agreement with the State.  The State agreed to reduce the third count from aggravated burglary to burglary, and Mr. Yearout agreed to plead guilty to the three burglary charges.  The parties agreed to recommend three concurrent sentences of four to seven years in prison, with the sentences being suspended in lieu of one year in jail and seven years supervised probation.

[¶4]    The district court accepted the guilty pleas, and sentenced Mr. Yearout as the parties recommended.   The district court ordered that, following the jail term, Mr. Yearout would be placed on intensive supervised probation for a period of seven years.  One of the conditions of his probation was to participate in and complete an in-patient substance abuse treatment program.

[¶5]    In early 2012, a probation agent informed the district court that Mr. Yearout had completed the substance abuse program as ordered, and was now on intensive supervised probation.  Later that year, the State petitioned the district court to revoke Mr. Yearout's probation, alleging several violations of the terms and conditions of his probation.  Mr. Yearout initially denied the allegations, but admitted to them at a later hearing.  The district court revoked his probation and reinstated his original sentence of three concurrent terms of four to seven years in prison.  The district court awarded credit for thirty-six days of pre-sentence confinement.

[¶6]    In 2013, Mr. Yearout filed a motion pursuant to W.R.Cr.P. 35(a) to correct an illegal sentence.  He contended that his sentence was illegal because the district court had not awarded credit for the time he spent in jail, in treatment, and on probation.  He sought credit for an additional 691 days.  The district court granted Mr. Yearout's petition in part, awarding credit for the 365 days he served in the county jail.  It denied the motion in part, ruling that Mr. Yearout was not entitled to credit for the time spent in the treatment

1

program or on probation. Mr. Yearout appealed the district court's partial denial of his motion.

## STANDARD OF REVIEW

[¶7] A sentence that does not include proper credit for time previously served is an illegal sentence. *Baker v. State*, 2011 WY 53, ¶ 8, 248 P.3d 640, 642 (Wyo. 2011). Whether a sentence is illegal is a question of law that we review *de novo*. *Id*.

## DISCUSSION

[¶8] Mr. Yearout claims he is entitled to credit for the 122 days he spent in an in-patient treatment facility for substance abuse. A district court must award credit against an original sentence when a defendant is in "official detention." *Hagerman v. State*, 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011). Under Wyoming law, "official detention" means, among other things, arrest or detention in a facility for the custody of persons who are charged with or convicted of a crime. Wyo. Stat. Ann. § 6-5-201(a)(ii). Official detention generally "does not include supervision on probation or parole." *Id.* However, if a condition of probation subjects a defendant to a charge of escape, he is entitled to credit against his sentence for the time spent in that environment. *Blouir v. State*, 950 P.2d 53, 55 (Wyo. 1997).

[¶9] Mr. Yearout contends that he was subject to a charge of escape if he left the treatment facility. The record contains no support for this contention. We reviewed the written plea agreement, the transcript of the change of plea hearing, the Order after Hearing on a Change of Plea, the presentence investigation report, the transcript of the sentencing hearing, the Judgment and Sentence, and other documents of record. They contain nothing to indicate that Mr. Yearout would have been subject to an escape charge during his time in the treatment facility. To the contrary, the district court required him to appear at the probation office before beginning treatment. This confirms that he was on probation, not in official detention, during his time at the treatment facility. Mr. Yearout's situation is similar to the one we considered in *Craig v. State*, 804 P.2d 686, 688 (Wyo. 1991). We said that Mr. Craig "was not in custody at the Pine Ridge Hospital because he could not be charged with escape from official detention had he left. . . . Because escape from detention would not lie, the time at the Pine Ridge Hospital does not count as time to be credited against his sentence."

[¶10] Mr. Yearout relies on cases indicating that persons participating in community correctional programs may be treated as both on probation and in official detention. *Endris v. State*, 2010 WY 73, ¶ 17, 233 P.3d 578, 582 (Wyo. 2010); *Peper v. State*, 768 P.2d 26, 29 (Wyo. 1989). However, Mr. Yearout was in substance abuse treatment, not community corrections. Our cases are clear that persons in community correctional programs are considered in official detention because they "may be charged with escape

from the program." *Endris*, ¶ 17, 233 P.3d at 582; *see also* Wyo. Stat. Ann. § 7-18-112; *Yellowbear v. State*, 874 P.2d 241, 246 (Wyo. 1994) (Credit was required for time he spent in a community corrections facility because he could be charged with escape for leaving, but credit was not required for the time in an in-patient treatment facility because he could not be charged with escape for leaving.). Again, Mr. Yearout could not have been charged with escape if he had left the treatment facility, so he is not entitled to credit for the time he spent there.

[¶11] Mr. Yearout also asserts that the agreement he signed with the treatment facility provided that he would be charged with escape for leaving the facility. This agreement is not in the record, so we have no way to confirm his assertion. Even if the agreement did so provide, Mr. Yearout has provided no authority for the proposition that the sentence imposed by the district court could be altered by a private agreement between a patient and a treatment center. The district court did not err in denying Mr. Yearout credit for the time spent in the treatment facility.

[¶12] Mr. Yearout also claims that he is entitled to credit for the time he spent on probation because the conditions of his intensive supervised probation were so restrictive as to be the equivalent of time spent in jail. He quotes the lengthy list of terms and conditions of his intensive supervised probation to demonstrate that the program was a serious constraint on his liberties. He emphasizes the electronic monitoring system and contends it was "equivalent to house arrest." He therefore asserts that he is entitled to credit for the time he spent on intensive supervised probation.

[¶13] We recognize that the terms and conditions of Mr. Yearout's intensive supervised probation placed limitations on his liberties. However, in determining whether Mr. Yearout is entitled to credit for that time, the dispositive factor is not the degree of restraint on his liberty. It is whether he could have been charged with escape. "[W]hen a defendant, as a probation condition, is placed in an environment from which a charge of escape would lie, he would be entitled to credit against his sentence for the time he spent in that environment." *Kupec v. State*, 835 P.2d 359, 363 (Wyo. 1992). *See also Blouir*, 950 P.2d at 55.

[¶14] We decided in *Kupec* that a home electronic monitoring system as a probation condition constituted supervised probation, not official detention, because Ms. Kupec was not subject to a charge of escape. *Kupec*, 835 P.2d at 364. With regard to Mr. Yearout's effort to equate electronic monitoring with house arrest, we have said that even house arrest does not constitute official detention if a person cannot be charged with escape. *Smith v. State*, 985 P.2d 961, 963 (Wyo. 1999). Despite the restrictive terms and conditions of the intensive supervised probation, Mr. Yearout could not have been charged with escape if he left the program, and he is not entitled to credit for the time spent on probation. The district court did not err in denying Mr. Yearout credit for the time spent on intensive supervised probation.

[¶15]   The decision of the district court is affirmed.