DAVIS, Chief Justice.
[¶1] Charles Hutton appeals from the denial of his motion to correct an illegal sentence, in which he claimed that he had not received adequate credit for time spent in confinement. We affirm in part, reverse in part, and remand for entry of an order consistent with this opinion.
ISSUES
[¶2] Hutton raises two issues. We reword them as follows.
1. Is Hutton entitled to credit for participation in both residential and non-residential programs at an adult community corrections facility?
*969 2. Did he receive full credit for confinement related to his second of three probation revocations?
FACTS
[¶3] On January 19, 2008, Hutton joined a group of friends who entered a neighbor's mobile home, seriously injured him, and severely damaged his vehicle. Hutton was charged with felony property destruction and aggravated burglary, and he was arrested on a warrant on January 22. Eventually, in exchange for dismissal of the burglary charge, he pled guilty to felony property destruction, and on September 26, 2008, was sentenced for that crime.
[¶4] The district court imposed a penitentiary sentence of three to seven years, and suspended it in favor of seven years of supervised probation, which was to begin immediately. It also ordered him to participate for one year in an adult community corrections program operated by Volunteers of America. The record indicates that Hutton had been confined for 249 days prior to sentencing. However, the court credited him for 251 days of confinement for this period.[1]
[¶5] Hutton entered the residential portion of the Volunteers of America program on November 21, 2008, completed it on August 26, 2009, and began the nonresidential portion of the program the following day. He completed that portion on November 25, 2009. Of the 370 days in the program, he spent 279 as a resident.[2]
[¶6] On June 3, 2010, approximately six to seven months after completing the Volunteers of America program, Hutton was arrested on a bench warrant related to his first probation revocation proceeding. He had served twelve days when the district court released him on a recognizance bond on June 14. The court ultimately revoked and reinstated his probation, and it indicated that he was entitled to 442 days of cumulative credit against his sentence.
[¶7] On July 15, 2014, Hutton was arrested on a second petition to revoke his probation. Once again, the court revoked and reinstated probation, making his release contingent upon acceptance into the local drug court program, and noting his entitlement to 473 days of cumulative credit as of August 15.[3] Because the drug court program rejected him, Hutton remained incarcerated as of November 13, 2014, when the district court reviewed the status of his probation in this case, and took his guilty plea to a new charge of conspiring to deliver methamphetamine.[4]
[¶8] His confinement continued after that hearing, pending a reapplication to the drug court related to the new offense. On March 4, 2015, Hutton went before the district court for sentencing in the methamphetamine case[5] and for resolution of the second revocation petition in this case. With respect to both cases, the court again placed him on probation, but it ordered that he be retained in custody until he was admitted to either an inpatient substance abuse treatment program or an intensive outpatient program administered in conjunction with the Campbell County Drug Court. Between the change of plea and sentencing hearings, Hutton was incarcerated an additional 111 days, bringing the cumulative total to 773 days. However, the district court added 185 days of credit to the *970 473 days it recognized as of August 15, 2014, bringing its running total to 658 days.
[¶9] Hutton apparently remained in jail until May 5, 2015, and then entered an inpatient substance abuse program at the Central Wyoming Counseling Center the following day. He evidently completed that program and was released on July 22, 2015. The first period comprised 62 days, and the second covered 78 days.[6]
[¶10] Hutton remained free until February 26, 2016, when he was arrested on a third probation revocation petition. On March 16, the district court revoked his probation and imposed his previously suspended penitentiary sentences. Thus, he became entitled to another 20 days of credit, bringing our running calculation to a final total of 933 days. The district court's revocation and sentencing order, however, calculated Hutton's total credit entitlement to be 680 days.
[¶11] Hutton took no appeal, but on June 12, 2017, he filed a motion to correct an illegal sentence, claiming that he was due an additional 444 days of credit beyond the 680 awarded by the district court. On June 20, the State provided the court its accounting of the credit due Hutton. It calculated that he should have received a total of 922 days of credit.
[¶12] A week later, the court adopted that calculation in a nunc pro tunc sentencing order, and in October Hutton filed another motion for sentence correction. In that motion, he asked for another 175 days of credit, the majority of which appears to relate to time spent in the nonresidential portion of the Volunteers of America program. Sixteen days of the remainder have been accounted for in this Court's calculations set out above, and 45 days of the remainder refer to a period of confinement reflected nowhere in the record. On October 24, 2017, the district court denied the motion.
[¶13] Hutton timely perfected his appeal from that denial. Although his appellate arguments are difficult to follow and deviate in many respects from what he contended below, he appears to claim that he is due 209 days of credit over and above the 922 days awarded by the district court, and that they arise from his participation in the nonresidential program at Volunteers of America and his confinement between July 15, 2014 and July 22, 2015. The State responds that it has revisited the accounting of credit previously submitted to the district court, and now concludes Hutton is due a total of 934 days of credit.[7]
DISCUSSION
[¶14] Whether an imposed sentence is illegal because the defendant was not properly credited for his confinement prior to sentencing is a question of law that this Court reviews de novo. Baker v. State , 2011 WY 53, ¶ 8, 248 P.3d 640, 642 (Wyo. 2011) (quoting Swain v. State , 2009 WY 142, ¶ 8, 220 P.3d 504, 506 (Wyo. 2009) ).
[¶15] Hutton is entitled to credit for time spent in custody while awaiting the disposition of probation revocation proceedings. Baker , ¶ 11, 248 P.3d at 643 (quoting Swain , ¶ 9, 220 P.3d at 506 ). Likewise, because one residing in a community corrections facility as a condition of probation is statutorily considered to be in official detention, and because absenting himself from the facility may therefore subject him to an escape charge, time spent in a community corrections program as a resident must be counted against the sentence he may have to serve if his probation is later revoked. Baker , ¶ 9, 248 P.3d at 642-43 (quoting Endris v. State , 2010 WY 73, ¶ 17, 233 P.3d 578, 582 (Wyo. 2010) ; Prejean v. State , 794 P.2d 877, 879 (Wyo. 1990) ).
*971 [¶16] On the other hand, time spent on probation in an inpatient substance abuse treatment program typically does not warrant credit against a sentence, because treatment ordered as a condition of probation does not ordinarily subject a defendant to a charge of escape for leaving the facility. Yearout v. State , 2013 WY 133, ¶ 9, 311 P.3d 180, 182 (Wyo. 2013). However, if an order to participate in a substance abuse treatment program includes language indicating that the sentencing court intended that the defendant is to be considered in custody or in official detention while residing at the facility, he may be entitled to credit. Daniels v. State , 2014 WY 125, ¶ 10, 335 P.3d 483, 486 (Wyo. 2014) (citing YellowBear v. State , 874 P.2d 241, 245-46 (Wyo. 1994) ). But see Morrison v. State , 2012 WY 41, ¶¶ 5, 15-16, 272 P.3d 321, 323, 325-26 (Wyo. 2012) (questioning power of courts to transform a residential condition of probation into official detention without legislative authorization).[8]
[¶17] As suggested in footnote 6 above, this Court included in its credit calculation the time Hutton spent in an inpatient substance abuse program at the Central Wyoming Counseling Center because the State argued for its inclusion, and the district court agreed to award it. Our calculation also included every period of alleged presentence confinement identified in the record by dates, even those not substantiated by documents or testimony, except for the period relating to Hutton's participation in the Volunteers of America program as a nonresident.
[¶18] Apart from that 91-day period, Hutton has not accounted for the nearly 200 days of credit he claims he is due beyond our calculations. He has not identified any additional periods of confinement, and he has not provided a record from which we can discern any such periods. His calculations are tied only vaguely to discrete events, and he appears to have ignored many of those for which he was granted credit. Accordingly, we find nothing to dissuade us from concluding that our computation of the credit due him is accurate.
[¶19] The only question remaining is whether Hutton is also entitled to credit for the nonresident portion of the Volunteers of America program. The authority cited above authorizes credit only to those residing in a community corrections facility, and it does so only because they are subject to a charge of escape from official detention. A defendant may be so charged for failing "to remain within the extended limits of his confinement or to return within the time prescribed" or, if he participates in a community corrections program, for leaving "his place of employment" or failing or neglecting to return to the "community correctional facility within the time prescribed." Wyo. Stat. Ann. § 7-18-112 (LexisNexis 2017).
[¶20] On its face, that language applies not only to those who are required to remain in the facility, but also to those whose confinement may be extended by their custodian to other specified places, for a defined purpose, and for a specified time. Although the phrase "participant in a program" may introduce an arguable lack of clarity to the statute, Hutton provides no reasonable explanation as to why that phrase would be sufficient to bring probationers who reside at their own homes and may be in contact with the facility only to attend bi-weekly group counseling sessions within its scope.[9] Such an interpretation would make a defendant's situation nearly indistinguishable from that of one placed on intensive supervised probation or electronic monitoring and house arrest while on probation, who would not be entitled to credit. See Yearout , ¶ 14, 311 P.3d at 183 (the latter three types of probationers are not entitled to credit by virtue of those conditions).
[¶21] For these reasons, we affirm the district court's denial of sentencing credit for the nonresidential portion of the community *972 corrections program. On the other hand, we reverse its denial of credit insofar as it rested on what we have with considerable difficulty determined to be an 11-day shortfall in the total credit due Hutton.
CONCLUSION
[¶22] We affirm that part of the district court's final order that effectively denied Hutton credit for the nonresidential portion of his participation in the Volunteers of America program. However, we reverse that portion of the order which failed to grant him a total of 933 days of presentencing confinement credit, and we remand for the entry of an order granting that credit.

The record falls short of resolving this discrepancy. It may be that after receiving emergency medical treatment on January 19 for injuries sustained in his victim's trailer, Hutton was initially arrested without a warrant. However, any information to that effect did not make it into the transmitted record.

The State provided the dates relevant to this calculation to the district court. No documents substantiating those dates appear in the record, but Hutton does not contest their accuracy.

This Court calculates Hutton was confined 32 additional days in this regard, and our cumulative calculation of credit stands at 572 days. This figure does not include any credit for his nonresidential participation in the Volunteers of America program.

This additional confinement of 90 days raises our cumulative total, as of the date of the November hearing, to 662 days. Presumably, it would have raised the district court's total to 563 days.

Ultimately, the sentence in the drug case ran consecutively to that in the present case, and the court determined that all confinement since the initiation of the drug case would be credited against only the sentence in this case.

The briefs of both Hutton and the State refer to these events and the associated dates, but the record contains no evidence substantiating them. Nor does it reveal facts supporting the notion of both parties that Hutton's being an inpatient in a court-ordered drug treatment program should be considered a form of confinement that necessitates sentencing credit. If both events warrant credit, they would raise this Court's cumulative tally to 913 days.

This figure differs from our final tally by a single day, which we attribute to the State's counting one day twice as both time awaiting revocation and time after revocation awaiting acceptance into a drug treatment program.

Such doubts may have little bearing on evaluating the propriety of an award of credit because, even though a defendant is not entitled to credit in a given situation, district courts enjoy the discretion to award it. Askin v. State , 2016 WY 9, ¶¶ 9-11, 365 P.3d 784, 786-87 (Wyo. 2016) (citing Daniels , ¶¶ 11, 13, 335 P.3d at 486-87 ).

We do not intend to imply that this hypothetical in any way reflects the specifics of Hutton's program.