# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 82

**APRIL TERM, A.D. 2023**

**August 23, 2023**

JOHN HILTNER,

Appellant
(Defendant),

v.

S-23-0077

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*
John Hiltner, pro se.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    John Hiltner appeals from the district court's denial of his motion to correct illegal sentence.  He claims his sentence is illegal because he was not given credit for time spent on supervised probation and in residential treatment.  We affirm.

*ISSUE*

[¶2]    The Appellant presents one issue:

> Did the district court err by not awarding sentencing credit for time spent on probation and for time spent in substance abuse treatment as a condition of probation?[1]

*FACTS*

[¶3]    In February 2017, Mr. Hiltner pled guilty to felony driving under the influence in violation of Wyo. Stat. Ann. § 31-5-233(b) and in March was sentenced to a term of not less than six nor more than seven years with credit for 110 days served.  The sentence was suspended in favor of five years of probation.  Mr. Hiltner was required to, among other conditions, complete residential treatment with the Sweetwater County Treatment Court Program.  *See* Wyo. Stat. Ann. § 31-5-233(e).

[¶4]    On May 21, 2020, the district court revoked Mr. Hiltner's probation for various violations of the conditions set by the court.  He was resentenced to three years supervised probation under the same conditions as his original probation, except this time, he was to complete treatment with residential treatment at the Volunteers of America (VOA).  The district court gave him credit of 213 days for time served.  Mr. Hiltner did not appeal.

[¶5]    On January 15, 2021, the district court again revoked Mr. Hiltner's probation.  The district court reduced the underlying sentence, imposing a four- to six-year sentence with credit for 217 days served.  The credit included the time Mr. Hiltner spent in custody prior

---

[1] The State raises a separate issue: Does the doctrine of res judicata bar Mr. Hiltner's illegal sentence claim?  "The doctrine of *res judicata* bars litigation of issues that were or could have been determined in a prior proceeding."  *Dax v. State*, 2012 WY 40, ¶ 9, 272 P.3d 319, 321 (Wyo. 2012) (citing *Martinez v. State*, 2007 WY 164, ¶ 15, 169 P.3d 89, 92 (Wyo. 2007)).  "[C]laims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*."  *Id.* ¶ 10, 272 P.3d at 321 (quoting *Cooper v. State*, 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010)).  "[O]ur rulings make clear that the application of the doctrine [of res judicata] is discretionary."  *Palmer v. State*, 2016 WY 46, ¶ 7, 371 P.3d 156, 158 (Wyo. 2016) (quoting *Patterson v. State*, 2013 WY 153, ¶ 11, 314 P.3d 759, 762 (Wyo. 2013) (citing *Hamill v. State*, 948 P.2d 1356, 1359 (Wyo. 1997))).  *See generally Cruzen v. State*, 2023 WY 5, 523 P.3d 301 (Wyo. 2023) (reviewing W.R.Cr.P. 35(a) motion on its merits where res judicata applied to claim); *Palmer*, ¶ 7, 371 P.3d at 158 (exercising discretion to refrain from applying the doctrine of res judicata and deciding question of whether appellant was properly credited for presentence confinement on the merits).

1

to the revocation. Mr. Hiltner appealed but then moved for voluntary dismissal of his appeal. His appeal was dismissed on May 25, 2021.

[¶6]    On April 26, 2022, Mr. Hiltner petitioned the district court for sentence modification or reduction pursuant to W.R.Cr.P. 35(b). His motion referenced the 217 days credit he had received on his sentence and raised no objection to the calculation. The district court denied the motion. Mr. Hiltner did not appeal.

[¶7]    On December 9, 2022, the district court received a letter from Mr. Hiltner requesting that he be given credit against his sentence for 76 days spent at the Sheridan VOA. He made no other request for relief. The district court construed Mr. Hiltner's letter as a motion to correct an illegal sentence and denied the request explaining:

> A probationer is entitled to credit for time in an inpatient treatment facility if he is subject to a charge of escape because he is in "official detention." *Hagerman v. State*, 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011). Consequently, credit for presentence confinement must be granted for time spent in a residential adult community correctional facility or program per Wyo. Stat. Ann. § 7-18-101 et seq. *See Prejean v. State*, 794 P.2d 877, 878 (Wyo. 1990) (credit for time served frequently depends on whether a charge of escape from detention will lie); *Hutton v. State*, 2018 WY 88, ¶¶ 19–20[, 422 P.3d 967, 971] (Wyo. 2018). Time in an inpatient treatment program does not count as presentence confinement because an escape charge cannot be brought. *Beyer v. State*, 2008 WY 137, ¶ 11, 196 P.3d 777, 780 (Wyo. 2008); *Craig v. State*, 804 P.2d 686, 688 (Wyo. 1991).

> .    .    .

> Defendant requests credit for time he was at the Sheridan VOA treatment center from June 3, 2020, to August 18, 2020. He states that it was brought to his attention that under Wyo. Stat. Ann. § 7-13-1803, he was "in custody" while he was in treatment. That is a misunderstanding. Wyo. Stat. Ann. § 7-13-1803(c) provides for credit for time[] served for custodial sanctions. However, custodial sanctions (which are listed in Wyo. Stat. Ann. § 7-13-1802) do not include residential treatment programs (other than residential adult community correction programs).

[¶8]    Mr. Hiltner timely filed this pro se appeal.

*DISCUSSION*

[¶9]    On appeal, Mr. Hiltner contends, as he did below, that he is entitled to the 76 days credit for time spent at the Sheridan VOA.  He makes an additional claim—that he is entitled to credit for the entire time he was on supervised probation (1095 days).  Turning first to Mr. Hiltner's claim for 76 days credit, the district court correctly held Mr. Hiltner is not entitled to credit for time spent in residential treatment where he was not in custody.

**A.    Standard of Review**

[¶10]  "A sentence that does not include proper credit constitutes an illegal sentence." *Dax v. State*, 2012 WY 40, ¶ 7, 272 P.3d 319, 320 (Wyo. 2012) (quoting *Baker v. State*, 2011 WY 53, ¶ 8, 248 P.3d 640, 642 (Wyo. 2011)).  Whether a sentence is illegal is a question of law we review de novo. *Hicks v. State*, 2018 WY 15, ¶ 10, 409 P.3d 1256, 1259 (Wyo. 2018) (citing *Nicodemus v. State*, 2017 WY 34, ¶ 9, 392 P.3d 408, 411 (Wyo. 2017)).  "Whether a claim is cognizable under Rule 35(a) is likewise a question of law subject to *de novo* review." *Id.* (citing *Evans v. State*, 892 P.2d 796, 797 (Wyo. 1995)).

**B.    Analysis**

[¶11]  We addressed this issue in an argument nearly identical to Mr. Hiltner's in *Yearout v. State*, 2013 WY 133, ¶ 2, 311 P.3d 180, 181 (Wyo. 2013).  There, Mr. Yearout claimed the district court erred in denying his motion to correct an illegal sentence in which he claimed, as Mr. Hiltner does, that he was entitled to credit against his sentence for the time he spent in an inpatient substance abuse treatment program, and for the time he spent on intensive supervised probation.  We said:

> A district court must award credit against an original sentence when a defendant is in "official detention." *Hagerman v. State*, 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011).  Under Wyoming law, "official detention" means, among other things, arrest or detention in a facility for the custody of persons who are charged with or convicted of a crime.  Wyo. Stat. Ann. § 6-5-201(a)(ii).  Official detention generally "does not include supervision on probation or parole." *Id.*  However, if a condition of probation subjects a defendant to a charge of escape, he is entitled to credit against his sentence for the time spent in that environment. *Blouir v. State*, 950 P.2d 53, 55 (Wyo. 1997).

*Yearout*, ¶ 8, 311 P.3d at 182.

3

[¶12] We have recognized that "if an order to participate in a substance abuse treatment program includes language indicating that the sentencing court intended that the defendant is to be considered in custody or in official detention while residing at the facility, he may be entitled to credit." *Hutton v. State*, 2018 WY 88, ¶ 16, 422 P.3d 967, 971 (Wyo. 2018); *see also Daniels v. State*, 2014 WY 125, ¶ 10, 335 P.3d 483, 486 (Wyo. 2014) (citing *YellowBear v. State*, 874 P.2d 241, 245–46 (Wyo. 1994)).

[¶13] While on probation, Mr. Hiltner was not in a community correctional facility, and he was not subject to a charge of escape from official detention if he left the inpatient treatment facility. There is no language in the sentencing orders indicating that Mr. Hiltner was or was intended to be in official detention while participating in inpatient treatment. Mr. Hiltner's claim for 76 days credit while in the Sheridan VOA fails.

[¶14] Mr. Hiltner's next argument, that he should receive credit against his sentence for the time he was on probation, was not raised below. "[W]e have repeatedly held we will not consider an issue raised for the first time on appeal" unless "the issue raises jurisdictional questions or it is of such a fundamental nature that it must be considered." *Borja v. State*, 2023 WY 12, ¶ 24, 523 P.3d 1212, 1218 (Wyo. 2023) (citations omitted). Mr. Hiltner does not argue these exceptions apply to his claim and we decline to consider it.

## *CONCLUSION*

[¶15] Under our established precedent, the district court correctly found Mr. Hiltner was not entitled to credit for the time he participated in his treatment program. Affirmed.