# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 101

APRIL TERM, A.D. 2024

September 24, 2024

WILLIAM R. DURKIN, III,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-23-0183, S-24-0040

*Appeal from the District Court of Converse County*
The Honorable F. Scott Peasley, Judge

*Representing Appellant:*
Office of the State Public Defender:  Ryan Roden, Interim Wyoming State Public Defender*; Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Assistant Appellate Counsel.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., BOOMGAARDEN, GRAY, FENN, AND JAROSH, JJ.*

**\*** An Order Substituting Ryan Roden for Diane Lozano was entered on August 9, 2024.

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**JAROSH, Justice.**

[¶1]     The district court revoked William R. Durkin, III's probation and ordered him to serve four to six years in prison on two felony convictions.  Although the court gave him credit against his sentences for 413 days he was in official detention in Wyoming, it refused to credit him for 107 days he spent at a "probation residential center" in Michigan.  Mr. Durkin appeals the district court's probation revocation order and subsequent denial of his motion to correct his sentences, claiming the court erred by refusing to give him the requested credit against his prison sentences.  We affirm.

## ISSUE

[¶2]     Did the district court illegally sentence Mr. Durkin when it refused to award credit against his prison sentences for time he spent at a probation residential center in Michigan?

## FACTS

[¶3]     Mr. Durkin pled guilty to felony theft and felony property destruction.  The district court sentenced him on December 20, 2018, to concurrent sentences of five to eight years in prison.  It suspended the prison sentences and ordered Mr. Durkin to serve a split sentence of one year in county jail followed by four to five years of supervised probation.  One of the conditions of his probation required him to "refrain from the use of alcohol [and] illegal drugs."

[¶4]     After he was released from custody, Mr. Durkin moved to Michigan, and the State of Michigan (Michigan Probation) began overseeing his probation.  While under Michigan Probation supervision, Mr. Durkin violated the terms of his Wyoming probation by using alcohol and cocaine.  As an administrative sanction for his probation violations, Michigan Probation ordered Mr. Durkin to complete the Tri County Community Adjudication Program (TRICAP) there.

[¶5]     At the time Mr. Durkin attended TRICAP, it was described as a "probation residential center" which operated as a "diversion program focusing on reducing the number of offender admissions to prison" through "cognitive behavioral modification."

[¶6]     TRICAP accepted referrals from judges, probation and parole agents, and attorneys, and provided programming for issues such as substance abuse and domestic violence.  Although Mr. Durkin was ordered to complete an "intensive" program at TRICAP and had to wear an "alcohol monitor bracelet," it was considered "an unsecure facility."  Mr. Durkin spent 107 days at the TRICAP facility and successfully completed the program.

[¶7]     Despite his success at TRICAP, Mr. Durkin began drinking alcohol and absconded from probation supervision after he was discharged.  Michigan Probation advised the State

1

of Wyoming of Mr. Durkin's probation violations and, in November 2019, the State filed a motion to revoke his probation and obtained a warrant for his arrest.

[¶8] Mr. Durkin was arrested in 2023 and subsequently admitted the probation violations. The district court revoked his probation and imposed his suspended prison sentences but reduced them to concurrent terms of four to six years. The court granted Mr. Durkin credit against his sentences for 413 days he served in official detention in Wyoming, but did not credit him for the 107 days he spent at TRICAP in Michigan.

[¶9] Mr. Durkin filed a notice of appeal from the district court's revocation order, which we docketed as S-23-0183. We stayed proceedings in S-23-0183 after Mr. Durkin filed a Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(a) motion asking the district court to correct his allegedly illegal sentences by awarding him credit for the time he spent in the TRICAP program. *See* W.R.Cr.P. 35(a) ("The court may correct an illegal sentence at any time."). After briefing and argument, the district court concluded Mr. Durkin's sentences were legal and denied his motion. Mr. Durkin appealed the denial of his Rule 35(a) motion to correct his sentences, which we docketed as S-24-0040. We then consolidated Mr. Durkin's appeals for briefing and decision.

## DISCUSSION

[¶10] While sentencing decisions are normally within the sound discretion of the district court, such discretion is limited "'inasmuch as a court may not enter an illegal sentence.'" *Thompson v. State,* 2018 WY 3, ¶ 54, 408 P.3d 756, 769 (Wyo. 2018) (quoting *Barela v. State,* 2016 WY 68, ¶ 6, 375 P.3d 783, 785-86 (Wyo. 2016), and citing *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo. 2003)) (other citations and some quotation marks omitted). "'Whether a sentence is illegal is a question of law, which we review *de novo*.'" *Id.* (quoting *Barela*, ¶ 6, 375 P.3d at 785-86, and citing *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007)) (other citations omitted). "A sentence that does not include proper credit for time previously served is an illegal sentence." *Yearout v. State,* 2013 WY 133, ¶ 7, 311 P.3d 180, 182 (Wyo. 2013) (citing *Baker v. State,* 2011 WY 53, ¶ 8, 248 P.3d 640, 642 (Wyo. 2011)).

[¶11] Mr. Durkin claims his sentences are illegal because the district court did not give him credit for the time he spent at the TRICAP facility in Michigan. "A district court must award credit against an original sentence when a defendant is in 'official detention.'" *Yearout,* ¶ 8, 311 P.3d at 182 (quoting *Hagerman v. State,* 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011)). As relevant here, official detention includes "arrest or detention in a facility for the custody of persons who are charged with or convicted of a crime." *Yearout,* ¶ 8, 311 P.3d at 182 (citing Wyo. Stat. Ann. § 6-5-201(a)(ii)). Under Wyo. Stat. Ann. § 6-5-206(a) (LexisNexis 2023), "[a] person commits a crime if he escapes from official detention."

2

[¶12]   Official detention typically "'does not include supervision on probation or parole.'" *Yearout,* ¶ 8, 311 P.3d at 182 (quoting § 6-5-201(a)(ii)).  However, if the sentencing court imposes a condition of probation which "subjects a defendant to a charge of escape, he is entitled to credit against his sentence for the time spent in that environment." *Id.* (citing *Blouir v. State,* 950 P.2d 53, 55 (Wyo. 1997)).  *See also, Hiltner v. State,* 2023 WY 82, ¶ 12, 534 P.3d 452, 454 (Wyo. 2023) (stating a defendant is entitled to credit against his sentence when the court orders him to complete substance abuse treatment as a condition of probation and states he will be in official detention or custody while doing so); *Hutton v. State,* 2018 WY 88, ¶ 16, 422 P.3d 967, 971 (Wyo. 2018) (stating a defendant is entitled to credit against his sentence "if an order to participate in a substance abuse treatment program includes language indicating that the sentencing court intended that the defendant is to be considered in custody or in official detention while residing at the facility" ).

[¶13]   Mr. Durkin asserts he is entitled to credit for his time at the TRICAP facility because it was functionally equivalent to a Wyoming Adult Community Corrections program (ACC), and time spent in an ACC would be credited against his sentence.  To understand Mr. Durkin's argument, we review Wyoming's Adult Community Corrections Act, which governs ACC programs.  *See* Wyo. Stat. Ann. §§ 7-18-101 through 7-18-115 (LexisNexis 2023).

[¶14]   Section 7-18-102(a)(i) defines an ACC as a community facility or program "operated either by a unit of local government or by a nongovernmental agency," which: 1) may provide "residential and nonresidential accommodations and services for offenders, parolees and inmates"; 2) provides programs and services to aid offenders, parolees, and inmates with employment, education, vocational training, and "utilizing the resources of the community in meeting their personal and family needs[,] and in participating in whatever specialized treatment programs exist within the community"; and 3) provides probation supervision.  *Id.*  ACC programs are operated under the auspices of community correction boards established by the various county commissions in the state.  Wyo. Stat. Ann. § 7-18-105.  To qualify as a governmental or nongovernmental ACC, the entity must meet strict standards for operation and oversight set out by the Wyoming Department of Corrections (DOC) and the governing community corrections board.  *See* Wyo. Stat. Ann. § 7-18-107 (establishing requirements for contracts between ACCs and community corrections boards); Wyo. Stat. Ann. § 7-18-111 (setting out duties of the DOC to establish standards for ACCs).  A nongovernmental ACC must also be approved by "the board of county commissioners of the county and the governing body of the city or town in which the proposed facility or the situs of the program is to be located.  Approval or denial of the establishment of the facility or program shall be made only after consultation with the [community] corrections board and the [DOC]."  Wyo. Stat. Ann. § 7-18-104(b).

[¶15]   There are several ways an offender may be referred to a Wyoming ACC.  A court may order an offender to participate in an ACC as a condition of probation, *see* § 7-18-108(a); the DOC may require an offender to participate in an ACC as an administrative

sanction for violating probation, *see* § 7-18-108(f) and § 7-13-1802(b) (LexisNexis 2023) (placement in an ACC is an authorized sanction for a probation violation); the DOC may transfer an inmate to an ACC, *see* § 7-18-109; or the Wyoming Board of Parole (BOP) may require an offender to participate in an ACC as a condition of parole, *see* § 7-18-115. Regardless of how an offender is referred to an ACC program, he still must meet strict screening requirements which generally evaluate "the risk the offender . . . may present to himself and others as well as the aptitude, attitude and social and occupational skills of the offender" to enter the program. Wyo. Stat. Ann. § 7-18-103(b). *See also,* Wyo. Stat. Ann. § 7-18-106(b)(i) (requiring community corrections boards to screen offenders). An offender must also be accepted by the community corrections board to participate in the ACC program. Wyo. Stat. Ann. § 7-18-106(a)(iii). *See also, Counts v. State,* 2008 WY 156, ¶ 18, 197 P.3d 1280, 1285 (Wyo. 2008) (recognizing community corrections boards must approve an offender's participation in an ACC, whether the placement is made by a court under § 7-18-108(b)(iii), the DOC under § 7-18-109(b)(v), or the BOP under § 7-18-115(b)(iii)); Wyo. Stat. Ann. § 7-18-108(f) (indicating the DOC may order a defendant to participate in an ACC as a sanction for a probation violation only when the county community corrections board approves the placement in accordance with § 7-18-108(b)(iii)).

[¶16] Section 7-18-112 states:

> (a) An offender, parolee or an inmate [in an ACC] is deemed guilty of escape from official detention and shall be punished as provided by W.S. 6-5-206(a)(i) if, without proper authorization, he:
> (i) Fails to remain within the extended limits of his confinement or to return within the time prescribed to an adult community correctional facility to which he was assigned or transferred; or
> (ii) Being a participant in a program established under the provisions of this act he leaves his place of employment or fails or neglects to return to the adult community correctional facility within the time prescribed or when specifically ordered to do so.

[¶17] We recognized in *Hutton*, ¶ 15, 422 P.3d at 970, that under the ACC statutes a defendant's time spent "residing in a community corrections facility as a condition of probation is statutorily considered to be in official detention." "[B]ecause absenting himself from the facility may . . . subject him to an escape charge, [a defendant's] time spent in a community corrections program . . . must be counted against the sentence . . . if his probation is later revoked." *Id.* (citing *Baker,* ¶ 9, 248 P.3d at 642-43, *Endris v. State*, 2010 WY 73, ¶ 17, 233 P.3d 578, 582 (Wyo. 2010), and *Prejean v. State*, 794 P.2d 877, 879 (Wyo. 1990)).

4

[¶18]  However, in *Hutton* we also recognized Wyoming law treats a defendant's time spent in an inpatient substance abuse treatment program while on probation different than time spent in an ACC.  *Id.,* ¶ 16, 422 P.3d at 971 (citing *Yearout,* ¶ 9, 311 P.3d at 182). Even when a court requires a defendant to attend inpatient treatment, he typically does not get credit against his sentence for that time "because treatment ordered as a condition of probation does not ordinarily subject a defendant to a charge of escape for leaving the facility."  *Id.*  Similarly, defendants under "intensive supervised probation[,] electronic monitoring[, or] house arrest while on probation [are not] entitled to credit" against their sentences.  *Hutton,* ¶ 20, 422 P.3d at 971 (citing *Yearout,* ¶ 14, 311 P.3d at 183).

[¶19]  An exception to these general rules exists when a court requires a defendant to participate in a substance abuse treatment program and "includes language [in the order] indicating that the sentencing court intended that the defendant is to be considered in custody or in official detention while residing at the facility."  *Hutton,* ¶ 16, 422 P.3d at 971 (citing *Daniels v. State*, 2014 WY 125, ¶ 10, 335 P.3d 483, 486 (Wyo. 2014)) (other citations omitted).  *See also, Hiltner,* ¶ 12, 534 P.3d at 454 (recognizing a court's order may state a defendant will be in custody or official detention while in treatment, thereby entitling him to credit against his sentence); *Beyer v. State,* 2008 WY 137, ¶¶ 8-9, 196 P.3d 777, 780 (Wyo. 2008) (acknowledging a defendant "is entitled to credit for time spent in an inpatient alcohol treatment facility" when the court's order states the defendant will be subject to a level of custody tantamount to county jail and "a charge of escape will lie"); *YellowBear v. State*, 874 P.2d 241, 245 (Wyo. 1994) (holding the defendant was entitled to credit against his sentence for time spent in a treatment facility because the court's order stated he was "considered to be in custody while at the program").  In such circumstances, a defendant is entitled to credit against his sentence for time spent in inpatient treatment.

[¶20]  If Mr. Durkin had been supervised in Wyoming, his probation officer could have required him to participate in an ACC program as a sanction for his probation violations (provided he met the screening and approval requirements of the appropriate community corrections board).  *See* Wyo. Stat. Ann. §§ 7-18-108(f) and 7-13-1802(b).  In such case, Mr. Durkin would have been entitled to credit against his sentence for the time spent at an ACC because, under § 7-18-112, he would have been in official detention and subject to an escape charge if he left.  On the other hand, a probation agent in Wyoming could have sanctioned him for violating probation by requiring him to participate in intensive supervised probation, house arrest, electronic monitoring, or treatment for substance abuse. *See* Wyo. Stat. Ann. §§ 7-13-1102(b), 7-13-1802(a)(iii).  Unlike time spent in an ACC, the other sanctions would not be considered official detention entitling Mr. Durkin to credit against his sentences.  *Hutton,* ¶ 20, 422 P.3d at 971; *Yearout,* ¶¶ 12-14, 311 P.3d at 183.

[¶21]  However, Mr. Durkin was not supervised in Wyoming.  He was supervised in Michigan and Michigan Probation ordered him to participate in TRICAP as a sanction for violating his Wyoming probation conditions.  At the hearing on the motion to correct his

sentences, Mr. Durkin presented evidence showing TRICAP met the broad definition of an ACC under § 7-18-102(a)(i), because it was "a community facility operated by a nongovernmental agency which provide[d] residential accommodations and services for offenders . . . and supervise[d]" them. Like ACCs, TRICAP provided substance abuse treatment programs (including onsite drug and alcohol testing), educational services, and work placement programs. *See* Wyo. Stat. Ann. § 7-18-102(a)(i)(B). Mr. Durkin was part of an "intensive" program while in TRICAP, which required him to wear an "alcohol monitor bracelet."

[¶22] Although TRICAP provided services and programming similar to Wyoming ACCs, TRICAP was not approved as a Wyoming ACC or subject to oversight by the DOC or a Wyoming community corrections board. Prior to entering TRICAP, Mr. Durkin was not screened as required by the ACC statutes or approved by a community corrections board. It is undisputed that under Michigan law he would not have been subject to escape charges for leaving the TRICAP facility without authorization and would not have received credit against any Michigan prison sentence for time spent in the program. Unlike if he spent time in a Wyoming ACC, Mr. Durkin was not in "official detention" while at TRICAP. The fact that he was in an "intensive" program at TRICAP and required to wear an alcohol monitor bracelet did not transform his time there into official detention. *See Hutton,* ¶ 20, 422 P.3d at 971; *Yearout,* ¶¶ 12-14, 311 P.3d at 183. Furthermore, given the district court did not order Mr. Durkin to participate in TRICAP, it did not include any language in a court order indicating he was considered in custody or official detention while residing at TRICAP.[1]

## CONCLUSION

[¶23] Mr. Durkin was not in official detention while at the Michigan TRICAP facility and, consequently, he is not entitled to credit against his sentence for the 107 days he spent there. The district court properly concluded Mr. Durkin's sentences were not illegal and denied his Rule 35(a) motion to correct his sentences.

[¶24] Affirmed.

---

[1] Mr. Durkin argues it is irrelevant that he would not have been charged with escape in Michigan for leaving TRICAP because he could have been charged with escape under Wyoming law for leaving the facility. Setting aside the potential jurisdictional questions involved with Wyoming authorities charging Mr. Durkin with escape for leaving a Michigan facility, Mr. Durkin would not have faced a Wyoming escape charge for leaving TRICAP because, as we have already explained, he was not in official detention.